FIERO *vs.* BETTS and HUBBELL.

Where an officer sells goods, owned by two jointly, on a *fi. fa.* against one of them, as the sole property of the latter, and delivers the possession of the goods to the purchaser, the other joint owner cannot maintain either trespass or trover for the goods, against such purchaser.

Only the interest in the goods of the defendant in the execution, passes to the purchaser under such sale, and the purchaser becomes a tenant in common with the co-tenant of the defendant.

Where a tenant in common of personal property was present at a sale of the property, under an execution against his co-tenant, as the sole property of the latter, and bid on a part of the property sold, and by an agent purchased some of the property, and omitted to claim any interest in the property sold, or to forbid the sale of any part thereof; *Held,* in an action of trespass by such tenant in common against the officer who sold the property, that the question whether such tenant in common had not assented to, or acquiesced in the sale, ought to be submitted to the jury.

THIS was an action of trespass, for taking and carrying away a quantity of hay, oats, rye, corn &c. The defendants pleaded separately. Betts pleaded not guilty; and Hubbell pleaded the general issue, and gave notice of justification, as purchaser under three judgments and executions against one George H. Clow. Clow lived on, and worked the farm of the plaintiff, Fiero, on shares, in 1843 and in 1844. Each was to have one half of all the products of the farm, including the grass. The defendant Betts, who was a constable, and held the executions against Clow, levied upon the products of the farm in August, 1844. He sold a barrack of hay cut on the premises, and all the other products of the farm, under the ex-

VOL. II.                    80

ecutions, in the same month, and the defendant Hubbell be-
came the principal purchaser at the sale. By endorsements of
levy on the executions, which the circuit judge permitted Betts
to make on the trial, Betts certified that he levied on all the
hay, oats, rye, corn, and potatoes on the farm, and sold the
right and title of Clow to the same. The plaintiff, Fiero, was
present at the sale, and bid on some of the property sold. There
was no evidence that he, at the sale, claimed any title to the prop-
erty sold, or forbid the sale of any part thereof, or that any ob-
jection was made by him to the sale of such property. The
property which Fiero did claim, and the sale of which he for-
bid, was not sold. At the commencement of the sale, Betts
declared that he sold only the right and title of Clow to the
property, but he did not repeat at the sale of each article that
he sold Clow's right and title. At a previous time when the
sale was postponed, Fiero said he claimed half of the property.
One of the witnesses, Gay, attended the sale at the request of
the plaintiff, and purchased some of the corn and potatoes sold
by Betts; and the plaintiff, after the sale, paid to Gay the
amount of his bid for the same. The advertisement of sale of
Betts stated that he had taken a quantity of hay and grain,
&c. which he should expose to sale, &c. The defendant's
counsel moved that Betts be discharged; which motion the
circuit judge denied. The defendant's counsel then moved for
a nonsuit, upon the grounds, that subsequent to the sale, the
plaintiff and the defendant Hubbell became tenants in common
of the property purchased at the sale, and that there had not
been proved a loss, sale, or destruction of the articles held in
common ; and that for the mere removal and absolute posses-
sion of the articles, an action would not lie by one tenant in
common against another; and that if there had been a loss,
sale, or destruction of the articles held in common, the action
should have been trover for the conversion, or for money had
and received, for the value of the property ; and that trespass
would not lie by one tenant in common against his co-tenant.
The circuit judge denied the motion for a nonsuit, and ruled
that the plaintiff was entitled to recover ; and the defendant

Fiero v. Betts.

excepted. The jury, under the charge of the judge, rendered a verdict for the plaintiff for $170.

*John Adams*, for the defendants.

*J. Van Vleck*, for the plaintiff.

*By the Court*, PAIGE, J.  Clow and the plaintiff were tenants in common in all the products of the farm until a division. Clow worked the plaintiff's farm on shares. There was no lease. Their shares were uncertain in amount, and there was no reservation in favor of the plaintiff of a fixed quantity of the products. (*Putnam* v. *Wise*, 1 *Hill*, 234. *Caswell* v. *Districh*, 15 *Wend.* 379. 8 *Cowen*, 220. *Foote* v. *Colvis*, 3 *John.* 221.)  A tenant in common cannot maintain trover against his co-tenant, without proving a sale by the latter, or a loss or destruction of the article whilst under his management. It is not sufficient, to maintain the action, that one tenant in common has obtained the exclusive possession of the chattel owned in common, and claims to be the sole owner, and refuses to deliver it up to his co-tenant, or to permit him to share in the possession. (*Wilson* v. *Read*, 3 *John.* 178. *Gilbert* v. *Dickerson*, 7 *Wend.* 450. 2 *John.* 458.)  In this case, Hubbell, after the sale, became a tenant in common with the plaintiff, and as such tenant in common, he had a right to take exclusive possession of the property, and remove the same; and he was not liable for these acts, to either the action of trover or trespass, at the suit of the plaintiff. Even if the constable assumed to sell, and did sell, the entire property, the only interest which passed at the sale was the interest or share of Clow in the property; and Hubbell only succeeded to his right therein as a tenant in common. He, therefore, after the sale, became a tenant in common with the plaintiff. (2 *Cowen's Trea.* 1351. *Mersereau* v. *Norton*, 15 *John.* 180. *Matter of Smith*, 16 *Id.* 106. *Waddell* v. *Cook*, 2 *Hill*, 49, 50, and note.)

The constable was authorized to levy on and seize the whole

of the property held in common by Clow and the plaintiff, and to take, under such levy, exclusive possession of the property, and to remove and deliver the whole to the purchaser. But under the decision in *Waddell* v. *Cook*, (2 *Hill*, 47,) he could only sell the share or interest of Clow. In that case, it was held that a sale, by an officer, of the entire property in goods owned by two jointly, on a *fi. fa.* against one of them, was an abuse of his legal authority, which rendered him a trespasser *ab initio.* In *Waddell* v. *Cook* the action was trespass against the officer. This case does not necessarily overrule the principle deducible from the decision in *Mersereau* v. *Norton*, (15 *John.* 180,) that, although the officer sells the whole property, trespass will not lie against the purchaser. Mr. Justice Cowen, in *Waddell* v. *Cook*, refers to this principle as settled in *Mersereau* v. *Norton*, without disapprobation. He puts the decision in *Waddell* v. *Cook* expressly and solely upon the abuse by the officer of his legal authority in selling the whole interest in the property, instead of the defendant's share therein. In *Mersereau* v. *Norton* it was held, that if the sheriff sold the property as the sole property of the defendant, trespass would not lie against him. It was also held, in that case, that no more than the defendant's interest passed by the sale, and that the purchaser became a tenant in common with the co-tenant of the defendant; and that the sheriff's sale was not such a destruction of the property as to destroy the tenancy in common. In *Waddell* v. *Cook*, it is conceded that although the officer sells the entire interest in the property, only the interest of the defendant passes to the purchaser. The owner of the other share of the property cannot, therefore, be damnified by the officer's attempt to sell the entire property. There can be no good reason, therefore, for extending the decision in *Waddell* v. *Cook*, and overruling, in toto, the case of *Mersereau* v. *Norton*, by allowing an action of either trespass or trover against a bona fide purchaser at the officer's sale, founded solely upon the ground of the sale being of the whole interest in the property, instead of the share belonging to the defendant in the execution. I therefore feel indisposed to extend the principle of the

case of *Waddell* v. *Cook* to an action against the purchaser at the sale; especially as I see no error in the decision in *Mersereau* v. *Norton*. It is conceded that the officer may, on a *fi. fa.* against one of two tenants in common, seize the entire property owned in common, take possession of and remove the whole, and when sold, may deliver the whole, against the will of the other owner, to the purchaser; and it is also conceded, if he sells the whole interest instead of the share belonging to the defendant, that only the interest of the latter passes to the purchaser. (*Philips* v. *Cook*, 24 *Wend*. 389. 15 *John*. 180. 16 *Id*. 106. 2 *Hill*, 49, 50. 2 *Cowen's Trea*. 1051. 12 *Wend*. 131. 21 *Id*. 161.) As no injury can result to the other joint owner by a sale of the entire interest, I do not see the propriety of giving him an action either against the officer or purchaser. And it seems to me that no sound reason can be advanced in support of the proposition, that by the mere sale of the whole property, generally through inadvertence, (which, in contemplation of law, is only the interest of the defendant in the execution,) without an express restriction to the share of the defendant, an action of trespass will lie upon the ground of an excess or abuse of legal authority, which makes the officer a trespasser *ab initio*. The officer, by his levy, succeeds to the rights of the defendant. He can, therefore, take and hold the possession, and although he can only sell the share of the defendant, he can deliver the possession of the whole to the purchaser. He stands in the place of the defendant, a co-tenant; he is rightfully in possession, by his levy; he has not been guilty of an unlawful taking; he has a right to sell the interest of the defendant; his sale of the whole does not destroy the tenancy in common, and only passes the interest of the defendant to the purchaser. Why then should the officer be liable to an action of trespass? The selling the whole interest is not like seizing and selling the property of a third person. The execution does not warrant the taking of the property of a third person, as it does the whole of the property held in common by the defendant and others. But whether the case of *Mersereau* v. *Norton* was properly overruled or not, it is very clear that

the defendant Hubbell is not liable to an action of trespass, even if it should be held that such an action can be maintained against Betts. Hubbell is a bona fide purchaser. There is no evidence that Hubbell had any knowledge or notice of the plaintiff's interest in the property. A bona fide purchaser from a wrongdoer, is not answerable to the owner in trespass; but only in trover or replevin in the detinet. (3 *Hill*, 348. 6 *John.* 44. 6 *Hill*, 613.) If Betts, by selling the whole interest in the property, became a trespasser *ab initio*, Hubbell did not thereby become a trespasser. A person assisting an officer in a legal service of legal process, will not become a trespasser by a subsequent abuse of his authority by the officer. (*Oystead v. Shea*, 12 *Mass. Rep.* 506, 511. *Elder* v. *Morrison*, 10 *Wend.* 138.) It seems that a subsequent assent to a trespass will not make the party assenting a trespasser *ab initio*, in cases of mere personal tort. It certainly will not, unless the assent be clear and explicit, and founded on full knowledge of the previous trespass. (*Adams* v. *Freeman*, 9 *John.* 119.) There is no evidence in the case that Hubbell either directed Betts to levy upon the products of the farm, or to sell the whole interest therein. A party to a suit is responsible only for the validity of the process, and good faith in suing it out. He is not answerable for the acts of the officer beyond the authority of the precept, unless he makes those acts his own. (*Adams* v *Freeman, supra.*) Besides, if an action of trespass can be maintained by one tenant in common against his co-tenant for a destruction of the chattel held in common, I believe no case can be found where such action has been held to lie in case of a loss or sale of the chattel by a tenant in common. In all such cases the action brought has been trover. (1 *Chit. Pl.* 156, 172, 179. *Wilson* v. *Reed*, 3 *John.* 175. *Heath* v. *Hubbard*, 4 *East*, 121, 122, 128. *White* v. *Osborn*, 21 *Wend.* 75. 2 *Kent's Com.* 250, *note b* 5th ed. 2 *Hill*, 47.)

If then any action lies against Hubbell, it must be trover, or perhaps by waiving the tort, assumpsit for goods sold and delivered. (*Putnam* v. *Wiser*, 1 *Hill*, 240.) Trespass does not lie against him.

As to Betts, it appears that the plaintiff was present at the sale, and bid on a part of the property sold, and through an agent, purchased some of the property. And there is no evidence that he, at the sale, claimed any interest in the property sold, or forbid the sale of any part thereof. It appears also that Betts, at the commencement of the sale, declared that he sold only the right and title of Clow to the property. Upon these facts I think the questions whether the plaintiff consented to the sale, and whether Betts sold only the right of Clow in the property, should have been submitted to the jury. If the plaintiff either assented to, or acquiesced in, the sale, or if Betts sold only Clow's interest in the property, trespass cannot be maintained, even against him. (2 *Hill*, 48.)

A new trial must be granted; costs to abide the event.

