By the Court. Mason, J.
There was no time specified in the mortgage, at which the money secured by it was to be paid. It was therefore payable immediately, and no demand was necessary to enable the mortgagee to proceed upon it. (Thompson v. Ketcham, 8 John. 146; Herrick v. Bennet, ib. 370; Carroll v. Moulton, 3 Denio, 13.) The clause in the mortgage, that the mortgagor might remain in possession until default, cannot be so construed as to require the mortgagee to make a demand before he could bring a suit. That would be to alter the legal effect of the contract, and to make the money payable only on demand, instead of immediately. In Fuller v. Acker, 1 Hill, 475, the mortgage was by its terms payable at an impossible time, that is, several years before the date of the mortgage, and it contained the usual clause, as in this case, that the mortgagor might, until default, remain in possession. The court held that the legal effect as to the time of payment was the same as if no time had been specified, and that the money was therefore payable immediately. There was evidence in that case given at the trial, to show that the word “ eight” was by mistake omitted, and that the intention of the parties was to render the mortgage, which was dated in 1837, payable in 1838, instead of 1830 ; but the court held that as between the parties the evidence was inadmissible, although as between the mortgagee and the sheriff, it might be allowed to repel the presumption of fraud. A copy of the mortgage had been filed for *609 several successive years pursuant to the act of 1833, but the court decided that the fact of the filing anterior to the seizure by the sheriff did not work an extension of credit, and that there was nothing in that act at all incompatible with insisting on immediate payment or the effect of the forfeiture. They also held, that by the mortgage and default in payment, the plaintiff became absolute owner at law, however he might be viewed in equity. The same doctrine was also maintained in Burdick v. Mc Vanner, 2 Denio, 170, and in numerous other cases.
The title of the plaintiff then, being absolute at law, the mortgagor was a naked bailee of the property, and had no interest which could be the snhject of a levy and sale under execution, (Mattison v. Baucus, 1 Comst. 295,) and the defendant by the levy became a trespasser. (Wintringham v, Lafoy, 7 Com. 735; Copley v. Rose, 2 Comst. 115.)
The bill of exceptions does not present the question of fraud, nor does it appear whether or not it was raised at the trial, and we are not called upon to consider it. The charge of the judge, it is true, was in general terms, that upon the evidence in the cause the plaintiff was not entitled to recover; but this must be taken in connexion with the points which were raised by the counsel. We cannot, in fairness to the judge, construe the charge to have any relation to the bona fieles of the transaction, for upon that the jury alone had the right to pass, and the comí could not take it away from them. Besides, no exception was taken to the charge on this ground.
We are of opinion that the learned judge erred in his charge, and that there must be a new trial, costs to abide the event.