## HULL *v.* CARNLEY, executrix, &c.

A sheriff is not liable to the mortgagee of chattels as for trespass and conversion in seizing and selling them article by article, without recognizing the interest of the mortgagee, where the mortgagor is entitled to the possession of the chattels at the time of the sale.

Whether the sheriff is liable to the mortgagee for consequential damages which may be sustained by him from the dispersion of the chattels among different purchasers, *quere.*

APPEAL from the Superior Court. The plaintiff Hull brought his action against Carnley, sheriff of New-York, for levying upon and selling certain lithographic presses and stones. The plaintiff recovered a judgment, which, upon appeal, was reversed by this court, and a new trial ordered. (*Hull* v. *Carnley*, 1 *Kern.*, 501.) A new trial was had March 27, 1855, and the plaintiff then proved that one Michelin, a lithographic printer, on the 14th of August, 1850, executed to the plaintiff a mortgage of the property in question, and that the mortgage was duly filed on the day succeeding its date. It was admitted that the mortgage was given in good faith for the consideration stated in it, and was valid, and that no part of the sum secured had been paid. It was conditioned for the payment of $100 and interest in six months, and a further sum in twelve months, and

provided that, until default, the mortgagor should continue in possession of the chattels. The sheriff, having an execution against the mortgagor, levied upon the property in October, 1850. Written notice was served upon him of the mortgage, but he proceeded to a sale, disregarding the notice. He sold the property outright, and not merely the interest of the mortgagor. Each article was sold separately, but all were purchased by one bidder, who, after the sale, removed them to his own place of business, where the mortgagor subsequently made use of them, having hired that right of the purchaser. After the mortgage became due, the plaintiff demanded the goods from the sheriff, and brought this action. The judge held that the plaintiff had shown no right to recover, and ordered judgment dismissing the complaint, which judgment was, on appeal, affirmed by the Superior Court, at general term. The defendant having died after judgment, his executrix was respondent in the appeal to this court taken by the plaintiff.

*David Dudley Field,* for the appellant.

*E. W. Chester,* for the respondent.

PRATT, J. The principal question in this case has already been decided by this court. (1 *Kern.,* 501.) The court, on that occasion, held that goods mortgaged may be seized and the interest of the mortgagor sold upon execution against him, where the mortgage is not due, and the mortgagor is in possession of the goods at the time of such seizure and sale under a stipulation in the mortgage giving him the right to the possession. The court held that the officer is not liable either for the trespass in seizing the goods or for the conversion of them, although he sell them out and out, without recognizing the right or interest of the mortgagee, and deliver possession to the purchaser.

It is now insisted that this decision is so manifestly wrong that the court is called upon to review it.

It appears from the opinion delivered upon that occasion, that the questions received a very careful examination by the court, and the learned counsel for the plaintiff has entirely failed to cite an adjudication or the dictum of a commentator in opposition to the principles there determined. We should not feel at liberty, therefore, had we now doubts of the correctness of the principles upon which the decision was based, to consider the question open for review. But we deem the decision well sustained by authority. In addition to those cited by Judge DENIO upon that occasion we would cite *Fairbanks* v. *Phelps* (22 *Pick.*, 535); *Fiero* v. *Betts* (2 *Barb.*, 633).

But it is now claimed that the evidence upon the last trial was somewhat different from that upon the former; that it now appears that the sheriff sold the property in separate parcels, a fact which did not appear in the former case. It is insisted that he had no right to sell in parcels, but should have sold the entire quantity together.

If the sheriff is not a trespasser for seizing the property, nor liable for a conversion of it, though he sell it without recognizing the interest of the mortgagee, it is difficult to perceive how selling it in parcels would make the act any more a conversion than selling it entire in one parcel. The ground upon which it has been held that the mortgagee could neither maintain trespass nor trover was that he was neither in possession nor entitled to the possession. (1 *Kern.*, 510; 7 *Term R.*, 9.) The difficulty in the way of maintaining either of these actions is just as formidable in the case of a sale by retail as by wholesale. It is not the act of the sheriff but the relation which the mortgagee himself sustains to the property which prevents him from maintaining the action.

We would not be deemed as holding at this time that a mortgagee has any action at law against the sheriff in such case, but if he has any it would be for consequential damages for the injury to his lien; and if such action had been brought

it could not have been sustained in this case, for the reason that although the property was sold in parcels it was all bid in by one man, and remained in the possession of the mortgagor at the time of the commencement of this suit. It is manifest, therefore, that he sustained no actual damage.

The judgment must therefore be affirmed.

All the judges concurring,

Judgment affirmed.