Champlin *v.* Johnson.

---

CHAMPLIN and GRANT, administrators &c. *vs.* JOHNSON and others.

After the debt secured by a chattel mortgage has become due, and a forfeiture has occurred by reason of non-payment, the title of the mortgagee is absolute, and the mortgagor has no interest in the mortgaged property which is liable to be sold on execution against him.

And this notwithstanding the property has been suffered to remain in the possession of the mortgagor, after forfeiture.

APPEAL from a judgment of the county court of Sullivan county. On the 19th of November, 1860, Lucas Clark was indebted to Robert Y. Grant in the sum of one hundred dollars, and being at that time in the occupation and possession of a farm of land and certain personal property, he executed and delivered to the said Grant a chattel mortgage covering two heifers. By the terms of this mortgage the said sum was to be paid in six months thereafter, with interest, and Clark was to remain in possession of the property until default in payment ; and in case of default the mortgagee had the right to take the property upon the premises of the mortgagor, or wherever the same should be

found, and to sell the same, and out of the proceeds to satisfy his demand and expenses of seizure and sale, and was to return the surplus to the mortgagor. The mortgage was duly filed in the proper clerk's office. The property was never in the possession of the mortgagee, but remained in Clark's possession until October, 1861, at which time the defendant Johnson, having a valid judgment against Clark, caused the same to be seized and sold by the defendant Prince, a constable, by virtue of an execution. The property was purchased by the defendant Dennis Johnson, and was in the possession of the defendant John Johnson at the time of the commencement of this action.

This action was brought by the mortgagee in his lifetime, before a justice of the peace, to recover damages for the alleged wrongful taking of the property. Upon the trial it was proved that on the day of sale, by writing and otherwise, the plaintiff notified the defendants that he owned the cattle. After the plaintiff rested, the defendants moved for a nonsuit on the grounds, 1. That the plaintiff never had actual possession of the property. 2. That the defendants had a right to take the property, and that the plaintiff had not made any demand of the defendants for the property or its value. A judgment was rendered in favor of the plaintiff for $24 damages, the value of the property taken. The defendants appealed to the county court, which reversed the judgment of the justice, and the plaintiffs appealed from the county court to the supreme court.

*A. J. Bush,* for the plaintiff and appellant.

*T. F. Bush* for the defendants and respondent.

*By the Court,* MILLER, J. The amount secured by the chattel mortgage had been due for some time, and the property remained in the possession of the mortgagor when levied on and sold. The principal question presented is, whether

under such circumstances the mortgagor had such an interest in the property covered by the mortgage as was liable to be seized by virtue of an execution against him.

I. Until a chattel mortgage becomes absolute by the non-performance of the condition of the mortgage, the mortgagor has such an interest in the chattels mortgaged as is liable to levy and sale on execution, and the purchaser at the sale on execution takes the property subject to the mortgage, and acquires with it a right to redeem it by payment of the amount due on the mortgage. (*Bank of Lansingburg* v. *Crary*, 1 *Barb. Sup. C. Rep.* 542. *Saul* v. *Kruger*, 9 *How. Pr.* 572.)

In *Hull* v. *Carnley*, (1 *Kern.* 501,) which is a leading case, Denio, J. in stating the principle to be applied to such cases, says, "I consider it well settled that chattels which have been mortgaged may, notwithstanding, be seized upon execution against the mortgagor, where he is in possession, and at the time of the seizure was entitled to the possession *for a definite period, against the mortgagee.*" The same doctrine was recognized in *Hull* v. *Carnley, executrix*, (17 *N. Y.* 202,) and *Goulet* v. *Asseler*, (22 *id.* 225.)

I do not understand, however, that the principle laid down in the authority cited applies to cases where the mortgage debt *has become due* and the mortgagor has no right to the possession of the property. A chattel mortgage transfers to the mortgagee the whole thing mortgaged, subject to be defeated by the performance of the condition. (*Butler* v. *Miller*, 1 *Comst.* 496.) Upon a failure of the mortgagor to perform the condition of the mortgage the mortgagee acquires an absolute title to the chattel. (*Brown* v. *Bement*, 8 *John.* 96. *Otis* v. *Wood*, 3 *Wend.* 498. *Langdon* v. *Buel*, 9 *Wend.* 80. *Patchin* v. *Pierce*, 12 *id.* 61. *Dane* v. *Mallory*, 16 *Barb.* 46. *Stewart* v. *Slater*, 6 *Duer*, 99.) In the case of *Stewart* v. *Slater*, last cited, it was held that after the mortgage becomes due, although the mortgagor remains in possession, he has no interest which can be levied upon and sold

by virtue of an execution. The same doctrine is laid down in *Howland* v. *Willett*, (3 *Sandf*. 609. *See also Mattison* v. *Baucus*, 1 *Comst*. 295.)

The mortgagee having an absolute title to the property covered by the mortgage, and a right to remove it, I think there was not such a possession or interest in the mortgagor as was liable to be sold under an execution against him. Nor does the fact that the plaintiff suffered the property to remain undisturbed in the possession of the mortgagor alter the principle involved. The title to the property having become absolute, it belonged to the plaintiff. The taking was wrongful, and the plaintiff had a right of action without even a demand. (*See authorities above cited, also* 1 *Comst*. 590 ; 8 *Pick*. 333 ; 3 *Sand*. 607.)

II. The fact that the mortgagee, on the day of sale, advised the defendants of his claim does not help the defendants' case. He informed them that the property belonged to him. This was full notice of his rights, sufficient to put the defendants upon their guard ; and even conceding that the doctrine of estoppel applies, I do not see how they are injured, when the plaintiff claims, now, no more than he did on the day of sale.

III. It was not necessary to reduce the property to an actual possession in order that the plaintiff might maintain this action. It is sufficient that he had *a right to the possession* of the property. His title had become perfect by the failure of the mortgagor to pay the demand secured by the mortgage, and none of the authorities cited hold that in such a case an action will not lie for taking the property.

In *Manning* v. *Monaghan*, (23 *N. Y. Rep*. 545,) where the action was brought by the mortgagee for taking the property before the mortgage debt had become due, Comstock, Ch. J. says, " These forms of action depend on *possession or the right of possession* at the time of the alleged trespass." The plaintiff certainly had " the right of possession" to the property in question ; that right had been dis-

turbed and the property taken by the defendants, and they were clearly liable to respond for the damages sustained.

IV. It is only in cases where the mortgage debt is not due and the mortgagor is in the possession of, and at the same time *entitled to the possession* by the terms of the mortgage, that a special action for injuries to the reversionary interest can be maintained. (*Gaulet* v. *Asseler*, 22 *N. Y. Rep.* 225. *Manning* v. *Monaghan*, 23 *id.* 539. *Hull* v. *Carnley*, 1 *Kern.* 501.) The reason of this rule is very apparent. The mortgage not being due, the mortgagee by its express condition has no right to the possession of the property. Hence no action lies.

The taking of the property was illegal and wrongful. The plaintiff was not bound to retake it or even make an effort to regain possession of it, and neither upon principle nor authority can this be regarded as a case to which the principle of *damnum absque injuria* applies.

I am of the opinion that the judgment of the county court was erroneous, and should be reversed with costs, and the judgment of the justice affirmed.

Judgment accordingly.

[ALBANY GENERAL TERM, September 1, 1862. *Hogeboom*, *Peckham* and *Miller*, Justices.]