By the Court—Cardozo, J.
In January, 1S63, the plaintiffs sold to Messrs. Boscomp & Schiffer a grocer’s wagon, and took back a mortgage on it for the purchase money, viz : $100. The mortgage did not specify any time for payment, and consequently was due immediately (Howland v. Willett, 3 Sandf., 607), and it was not necessary to demand payment of it to enable the plaintiffs to maintain this action (Howland v. Willett, supra; Brown v. Cook, 3 E. D. Smith, 123).
The plaintiffs duly filed the mortgage in the Register’s office, but the Register appears not to have properly indexed it according to the Act of 1849, and this omission, attributable probably to the difficulty of deciphering the names of the mortgagors, has led to the dispute between the parties and to this suit.
After the filing of the mortgage, the defendants purchased the wagon, with other property,- from the mortgagors, paying for it by crediting them with the amount of an old indebtedness of $172, paying on their account to one Heclcer (who had a mortgage on this wagon) $100, and also paying to the mortgagors the sum of $40 in cash. The defendants, before making the purchase, examined the index of chattel mortgages in the Register’s office, but, by reason of the omission of the Register, they failed to discover, and they had not any notice in fact of the existence of the mortgage. The plaintiff demanded this wagon from the defendants, but they refused to surrender it, and claim to hold it discharged of the lien of the mortgage to the plaintiffs. A demand before suit brought is distinctly and positively sworn to by the plaintiff Seabold, and therefore, while I incline to think that a demand after the summons had issued would not be sufficient, it is unnecessary to determine that point.
The jury found for the defendants. I think the verdict contrary to law.
Upon the evidence, the-plaintiffs had done all they were re *34 quired to do to make the mortgage to them valid. A duty, viz., to index the mortgage, rested on the Register, with which the plaintiffs had nothing to do, over which they had no control, and the omission of which was not their fault. They were hound to file the mortgage, and they did so. That the defendants did not, through the registry, obtain notice of this mortgage was not the plaintiff’s fault, and cannot affect their rights (see Dodge v. Potter, 18 Barb., 193).
The mortgage was given for' a valid and valuable consideration, the bona fides of it was not attempted to be impeached ; it was filed pursuant to the statute, and the defendants,-if they have been misled into parting with their money for the wagon in ignorance of the plaintiff’s lien, must seek redress against the officer whose omission to do his duty has operated-to their loss. They cannot claim to hold the property free of the mortgage.
The judgment should be reversed.