## N. Y. SUPERIOR COURT.

HENRY WISSER, plaintiff and appellant, agt. JAMES O'BRIEN, sheriff, &c., defendant and respondent.

Where on the trial of a cause for claim and delivery of personal property under a chattel mortgage payable *on demand*, and the question whether a demand was made before suit brought, was not raised on the trial — evidence being given by both parties and the cause submitted: *Held*, that if a demand was necessary before suit brought, it was too late to raise it for the first time *on appeal*.

A *chattel mortgage once refiled* within thirty days next preceding the expiration of the first year, continues valid without further refiling in subsequent years (*See Newell* agt. *Warren*, 44 *N. Y.*, 244).

*General Term. October,* 1872.
*Before* FREEDMAN *and* CURTIS, *J.J.*

THE action was brought as an action of claim and delivery under the code. It was brought by plaintiff as mortgagee of chattels against the defendant who seized them under an execution against the mortgagor.

The defendant claimed that at the time of the seizure the mortgagor had a leviable interest in the property.

The mortgage was payable on demand. It was executed May 4th, 1867; filed May 5th, 1867; refiled May 4th, 1868, and May 8th, 1869.

The defendant seized the property under an execution issued August, 1869, on a judgment against the mortgagor of December 4th, 1867.

Upon the trial evidence was given on both sides, and at its close the court was requested by plaintiff's counsel to direct a verdict for the plaintiff, which motion the court denied, and to which ruling plaintiff's counsel duly excepted.

The court, thereupon, on motion of defendant's counsel,

directed a verdict for defendant, to which direction plaintiff's counsel duly excepted.

Upon the verdict rendered as directed, judgment was entered, dismissing plaintiff's complaint upon the merits, and for defendant's costs, and the plaintiff appealed.

JOSEPH M. DIXON, *for appellant.*
A. J. VANDERPOEL, *for respondent.*

*By the court :* FREEDMAN, *J.*—It may well be that the doctrine of *Brown* agt. *Cook* (3 *E. D. Smith,* 123) and *Howland* agt. *Willett* (3 *Sandf.,* 607), to the effect, that where a chattel mortgage is payable on demand, it is payable immediately, and no demand of payment is necessary, before the mortgagor can maintain an action against the sheriff for taking the mortgaged property under an execution against the mortgagor, has been shaken by the decisions of the court of appeals in *Hull* agt. *Carnley* (1 *Kern,* 501); *Hull* agt. *Carnley, executrix* (17 *N. Y.,* 202); *Goulett* agt. *Asseler* (22 *N. Y.,* 225); *Manning* agt. *Monahan* (23 *N. Y.,* 539, and *S. C.,* 28 *N. Y.,* 585), by which that tribunal, as the court of last resort, settled the law of this state to be, that the mortgagor's possessory right for a definite period in the chattels mortgaged, coupled with his right of redemption, constitutes an interest which is liable to levy and sale on execution. But whether such really is or is not the indirect result of the last named decisions, and whether a mortgagor possessory right under a chattel mortgage payable on demand, and, therefore, payable immediately, does or does not constitute a leviable interest within the true meaning of these decisions, are questions which we do not deem necessary to determine here.

The objection that plaintiff failed to show a demand upon the mortgagor, does not seem to have been raised below. At the close of the plaintiff's evidence no motion was made for a non suit on the ground that plaintiff had not shown enough to maintain the action. The proof showed, that a written

demand for the return of the goods had been made by plaintiff upon the sheriff prior to the commencement of the action. But as to a demand upon the mortgagor, the case appears to have been tried upon the assumption by the court as well as the counsel for the respective parties, either, that such demand was not necessary, or, if material, that it was duly made and that such fact was too incontrovertible to be disputed. Under these circumstances, and in view of the fact, that appellant's counsel has strenuously insisted, and we are inclined to believe, that, if the objection had been raised, it could and would have been readily obviated by proof, the ends of justice require, that we should not entertain the objection, if it is one, on appeal for the first time. Although it is true that, if a judgment, or order, or ruling, is right in point of law, on which the court below proceeded, is no reason for reversing it; yet it is equally true, that that rule is enforced only, when all the facts are before the court, and from them it appears that the correction of the theoretical error is not at all important to a correct decision of the question involved. Whenever there is reason to believe that an erroneous view of the law, expressed and enforced by the court below, induced the appellant to abstain from offering evidence, which would have been material to him under the view taken by the appellate court, or whenever it is made to appear, that a material fact was assumed in the court below to exist, without any objection on account of the want of evidence thereof, the appellate court in either case will decline to enforce the rule referred to.

The only question, therefore, remaining for our consideration is, whether or not plaintiff's mortgage, which has not been impeached as fraudulent against creditors, ceased to be valid against the execution creditors, represented by the defendant by reason of plaintiff's omission to refile a true copy pursuant to the requirements of the statute.

The evidence shows that the mortgage, which was payable on demand, was executed on the 4th of May, 1867; that

the following day a copy of it was duly filed; that a copy was refiled on the 4th of May, 1868, that still another copy was filed on the 8th of May, 1869, and that the sheriff seized the property under an execution issued on the 5th of August, 1869, on a judgment obtained against the mortgagor on the 4th of December, 1867. Consequently, in directing a verdict against the plaintiff on the merits, no objection having been raised on account of the absence of proof above referred to, Justice McCunn, who presided at the trial, must have held, as appellant's counsel insisted he did hold, that the refiling of the 8th of May, 1869, was too late, and for that reason was no compliance with the requirements of the statute. But as the commissioners of appeals have since held in *Newell* agt. *Warren* (44 *N. Y.*, 244), that a mortgage, once refiled within thirty days next preceding the expiration of the first year, continues valid without further refiling in subsequent years, the said ruling constituted a error, for which judgment must be reversed and a new trial is to be granted, with costs to appellant to abide the event.

CURTIS, *J.*, concurred.