Bryan *v.* Smith.

---

WILLIAM BRYAN, Respondent, *against* JOHN A. SMITH *et al.*, Appellants.

(Decided December 7th, 1885).

By the conditions of a chattel mortgage, if the mortgagors should, at any time before the day of payment of the mortgage, suffer any attachment

to be issued against them, the sum of money mentioned in the mortgage was to become instantly due and payable, and the mortgagee was authorized to take the property, to sell and dispose of it, and out of the proceeds to retain and pay the amount of the mortgage and all charges, rendering the surplus, if any, to the mortgagors. An attachment was subsequently issued against the mortgagors, and levied upon the mortgaged property. *Held*, that the mortgagee was entitled to recover from the sheriff the possession of the property, or of a check for the amount of the value of the property, which, by arrangement between the parties, was substituted for the property, under an agreement that it and the money it represented were to remain the property of the mortgagee, subject only to any valid and subsisting lien upon the property.

APPEAL from a judgment of this court entered upon the verdict of a jury.

The facts are stated in the opinion.

*Cantor & Seldner*, for appellants.

*Booraem & Hamilton*, for respondent.

CHARLES P. DALY, Chief Justice.—The jury have passed upon the only question that there was in this case—the *bona fides* of the mortgage—upon which they have found for the plaintiff; and there being ample evidence to sustain their finding, it cannot be reviewed.

One of the conditions of the mortgage was that if the mortgagors should, at any time, before the day of payment of the mortgage, suffer any attachment or any other process against property to be issued against them, that then the sum of money mentioned in the mortgage should become instantly due and payable; and that the plaintiff was then authorized and empowered to take and carry away the property mortgaged; to sell and dispose of it; and out of the money arising from the sale, to retain and pay the amount mentioned in the mortgage, and all charges, rendering the surplus, if any, to the mortgagors. When the attachment, therefore, was issued against the mortgagors, the sum named in the mortgage became due, and the plaintiff's right to the possession of the property was thereupon absolute (*Champ-*

lin v. *Johnson*, 39 Barb. 606), and when he demanded it of
the sheriff, the sheriff could not lawfully withhold it from
him, for, as against the plaintiff, the mortgagors had then no
interest in it to which the process in the sheriff's hands
could attach, or which could be levied upon and sold under
the judgment which was subsequently recovered against the
mortgagors (*Hall* v. *Sampson*, 35 N. Y. 274; *Galen* v.
*Brown*, 22 N. Y. 37, 39, 41). Chattels which have been
mortgaged may be seized under an execution where, at the
time of the seizure, the mortgagor is entitled, as against the
mortgagee, to the possession of them, for a definite length of
time thereafter (*Hull* v. *Carnley*, 11 N. Y. 501; *S. C.*, 17
N. Y. 202; *Goulet* v. *Asseler*, 22 N. Y. 225, 230), and the
purchaser at the sale upon the execution takes the property
subject to the mortgage, and acquires the right to redeem
it by the payment of the amount due (*Saul* v. *Kruger*, 9
How. Pr. 509). But that is not this case. Here, by the
terms of the instrument, the mortgage debt had· become
due, and the mortgagors, as against the plaintiff, had no
right to the possession. All that they had was the right of
redemption, which is not subject to levy and sale upon ex-
ecution, unless united with the right to the possession of
the chattel for a definite period (*Mattison* v. *Baucus*, 1 N.
Y. 295).

When the property was demanded of the sheriff on behalf
of the plaintiff he said he should hold it, until the plaintiffs
in the attachment, who are the defendants in this suit, gave
a bond of indemnity, which they did. One of them, when
the plaintiff's agent offered to give security if the wagon
were given up, said he would like $150, to take the *place of
the wagon*, and that the defendants should have only the
same lien upon the $150 that they had on the wagon; the
$150, I infer, being equal to the value of the property and
charges, as the claim in the attachment was but for $89.09;
and as it seems by the plaintiff's letter, which accompanied
the delivery of the check to the sheriff, this was the arrange-
ment that was carried out. It appears by the statement in
the letter, that the check was to be substituted for the

plaintiff's property, and it "and the money it represented," was to remain the plaintiff's property subject only to any valid and subsisting lien which the defendants had upon the property when delivered up. There was no lien upon it. None had been or could be acquired by the sheriff seizing it under the attachment; for, by that very act, the mortgage became due, and the plaintiff was entitled at once to the possession of it.

The plaintiff was entitled to recover. The check was not given as a voluntary payment. The plaintiff was anxious and offered to give the indemnitors security, in place of it, and they said that they would like $150, *to take the place of the wagon;* and with this understanding, the check was given, and the property was delivered to the plaintiff. They agreed that they were *only* to have the same lien upon the $150 that *they had on the wagon*; and the plaintiff accordingly brought this suit enabling them, if they had any lien upon the $150, to establish it, which they did not.

The defendants have not, in their points, referred to any of the exceptions taken; from which it may be inferred that they do not rely upon any one of them, as ground for a new trial; and it is our opinion that they afford none.

ALLEN, J., concurred.

Judgment affirmed.