### KLEINBERGER v. BROWN et al.

(Superior Court of New York City, General Term. March 4, 1890.)

1. CONVERSION—SALE OF MORTGAGED PROPERTY BY SECOND MORTGAGEE.
   When a second mortgagee of chattels takes possession of and sells the mortgaged property after default in a condition of the first mortgage, he is guilty of a conversion, and is liable to the first mortgagee.

2. PRACTICE—DISMISSAL—REVIEW.
   When a defendant relies on his motion to dismiss the complaint, without asking to go to the jury on the facts, an exception to the direction of the court that the jury find for plaintiff does not raise any question for review.

Appeal from trial term.

Action for conversion by Sigmund Kleinberger against Harris Brown and Henry Meyers. Plaintiff sold certain chattels and fixtures to one Anna Am-

stead, taking her notes for the price secured by a purchase-money mortgage on the chattels sold. Subsequently a chattel mortgage upon the same property, and payable on demand, was executed and delivered to defendant Harris Brown. After default in payment of a note secured by the first mortgage, which became due December 23, 1887, defendant Brown made a demand upon the mortgagor for payment of his mortgage, and, upon her making default, instructed defendant Meyers to foreclose the mortgage; and the goods and chattels were sold under said foreclosure in the latter part of December, 1887, the witnesses for the plaintiff and defendant differing in respect to the exact date. The trial judge held that the only question for the jury was the value of the chattels, and upon this issue they found for the plaintiff for the full amount demanded. From the judgment entered on the verdict defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Louis Levy,* for appellant Brown. *Julius Levy,* for appellant Meyers. *Abraham L. Jacobs,* for respondent.

INGRAHAM, J. In *Champlin* v. *Johnson,* 39 Barb. 608, after a careful review of all the authorities, it was held that, on a default in a condition of a chattel mortgage, the title to the mortgaged property became absolute, and that the mortgagor had no interest in the property that could be sold on execution; that it made no difference that the mortgagor remained in possession; that a sale of the mortgaged property under an execution against the mortgagor was a conversion of such mortgaged property. This case was cited with approval in *Judson* v. *Easton,* 58 N. Y. 664. As the defendant claims only through the mortgagor, and as the mortgagor had no title or interest in the mortgaged property after the 23d of December, 1887, the act of the defendant in taking possession of and selling the mortgaged property after that time was a conversion. If defendant took possession of the property before December 23d, he was bound to return it to plaintiff on demand, and if he refused he was guilty of conversion. If he took possession after the 23d of December, the taking was a conversion, and the defendant was in either event liable. There was evidence that the sale under the mortgage took place on December 22d. There was also evidence that would justify a finding that it took place some days later, and as late as December 31st. If the defendant desired to have had that question determined by the jury, he should have made a request to have it submitted. No such request was made. The defendant moved that the complaint be dismissed, which was properly denied, and the court then instructed the jury to find for the plaintiff. An exception to this direction does not raise any question for review. In *Ormes* v. *Dauchy,* 82 N. Y. 448, MILLER, J., says: "At the circuit, the judge directed a verdict in favor of the plaintiff, to which the defendants excepted. It is now claimed that, the defendants having relied upon their motion to dismiss the complaint, and not having requested that any fact be submitted to the jury, it cannot be properly urged that there was any question of fact for the jury. We think that the defendants should have asked to go to the jury upon the facts; and the exception to the ruling and direction of the court is not, under the circumstances, available." See *Dillon* v. *Cockcroft,* 90 N. Y. 650. I do not think that any of the rulings on questions of evidence require that the judgment should be reversed. I think, therefore, that the judgment should be affirmed, with costs. All concur.