(15 App. Div. 158.)

### SCHRYER v. FENTON.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. TROVER AND CONVERSION—WHO MAY SUE—CONDITIONAL SALE.
   One who buys property, which is not to be delivered to him until it is paid for, cannot sue for conversion of it until he has paid for it or obtained possession.

2. SAME—DEFENSES—TITLE IN ANOTHER.
   Defendant may show, in an action for conversion of property which was not in plaintiff's actual possession, that the title was in a third person, without connecting himself with that title.

Appeal from trial term, Franklin county.

Action by David Schryer against Theodocius Fenton to recover for conversion. From a judgment in favor of plaintiff, entered on a special verdict, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Badger & Ide (John P. Badger, of counsel), for appellant.
John P. Kellas, for respondent.

PUTNAM, J. The plaintiff, claiming title to a quantity of hay under a transfer from one John S. Martin, whose interest therein was derived under a contract of sale with one George Deuel, brought this action for the alleged conversion thereof by the defendant. According to the testimony of John S. Martin, under the contract between him and Deuel, it was agreed that the purchase price of the hay was to be $55. Martin was to pay $22 down, and the balance in a short time, and until such balance should be paid the hay should not be removed from the premises of Deuel; the agreement being that payment of the purchase price of the property should precede delivery. The arrangement that the hay should not be removed from Deuel's premises, or be taken by Martin until the purchase price was paid, showed the intent of the parties that Martin could not have possession of the hay until he paid for it. It is a familiar doctrine that where, on a sale of personal property, it is agreed that

payment therefor shall accompany or precede delivery, the title does not pass until the payment is made. Foundling Co. v. Grant, 114 N. Y. 40, 21 N. E. 49; Leven v. Smith, 1 Denio, 571; Russell v. Minor, 22 Wend. 659; Hammett v. Linneman, 48 N. Y. 399; Thompson v. Leslie (Sup.) 14 N. Y. Supp. 472. Under the contract, therefore, a title to the hay would not pass to Martin until payment of the balance of the purchase price, which would authorize him to demand possession thereof, and he could convey no better right or title to the plaintiff than he himself possessed, the hay at the time of the transfer to the latter being on the premises and in the possession of Deuel. The plaintiff, therefore, failed to establish a right to the possession of the hay in question when the action was commenced. It was clearly shown that he had no such right. Ashhurst, J., in Gordon v. Harper, 7 Term R. 9–12, says: "I have always understood the law to be that, in order to maintain trover, the plaintiff must have a right of property in the thing, and a right of possession, and unless both these rights concur the action will not lie." The doctrine thus stated was approved by Denio, J., in Hull v. Carnley, 11 N. Y. 501–510. And see same case, 17 N. Y. 202, and Clements v. Yturria, 81 N. Y. 285. It follows that the plaintiff, neither having the possession nor the right of possession of the property in question at the time it was levied upon by the defendant, was not entitled to maintain the action. The property not having been taken by the defendant from the actual possession of the plaintiff, the defendant had the right to show that the title was in a third person, without connecting himself with such title. Spoor v. Jordan, 1 Alb. Law J. 123. It might be otherwise had the defendant taken the property from the actual possession of the plaintiff. Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. 360. When the defendant levied on the hay, the plaintiff should have tendered the balance due on the contract with Deuel to the latter or his assignee, and he then would have been in the position to demand possession of the hay, and, if possession was refused, to commence an action for its conversion. As it is, he has undertaken to maintain an action for the conversion of property not in his possession, and to the possession of which, by the express terms of the arrangement between Martin and Deuel, he was not entitled. In the view thus taken, it is not important to consider the effect of the sale by Deuel to Danford. I see no reason to doubt, however, that Deuel could lawfully transfer his interest in the hay in question to a purchaser, and that the latter would take the property subject to the rights of the plaintiff. Such a sale would not be a conversion of the property, or give the plaintiff any other or better right or title thereto than he derived by virtue of the original contract between Deuel and Martin.

The judgment should be reversed, and a new trial granted, costs to abide the event.

PARKER, P. J., and HERRICK and MERWIN, JJ., concur.

LANDON, J. I concur. If plaintiff had any cause of action, it was against Danford for damages for destroying plaintiff's right to

mature his title to and right of possession of the hay upon paying him $33; Danford having no right to remove it without first giving plaintiff an opportunity to protect his right.