## CHURCH v. BENDER.

(Supreme Court, Appellate Term.　February 9, 1911.)

SALES (§ 482*)—CONDITIONAL SALES—THIRD PERSONS—RIGHT TO POSSESSION.
　　The defendant retook a number of horses from a purchaser to whom
　　they had been conditionally sold.　Plaintiff alleged ownership of one of
　　the horses, based on having given $125 to the purchaser to buy a horse,
　　of which plaintiff was to be the owner until the purchaser paid for it.
　　*Held*, that the plaintiff stood in the same position as the purchaser, and
　　on the loss of the purchaser's right to possession the plaintiff could not
　　maintain an action for conversion.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1457; Dec. Dig. §
482.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Albert G. Church against Simon Bender.　From a judgment of the Municipal Court in favor of the plaintiff, defendant appeals.　Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Ira L. Rosenson, for appellant.

Wilber, Norman & Kahn (Samuel J. Reid, of counsel), for respondent.

HENDRICK, J.　The complaint is in conversion, alleging the value of the horse converted as $300.　The answer is a general denial.　John Church, a cousin of plaintiff, purchased from defendant a number of horses.　He entered into a written agreement, wherein it was agreed that:

"Title to the horses shall remain in defendant until such time as the full amount, as represented by notes given, shall be fully paid; and on the failure to pay said notes, or any or either of them, or any part of any or either of them, at the date and place therein specified, it shall and may be lawful for defendant, his agents or attorneys, with the aid and assistance of any person or persons, to enter upon the premises occupied by said John Church, or any other place or places wherein the said horses may be placed, and take therefrom said horses, and to sell the same without further notice. * * * *"

On February 24, 1910, defendant's employés entered the stable of John Church and took away six horses, which defendant claims were the horses sold to John Church under the terms and conditions of the agreement set forth.　Plaintiff, Albert G. Church, claiming to own one of the horses taken, brings this action for damages for the conversion of his horse.　Albert G. Church is a merchant tailor.　He bases his claim to ownership of the horse on the fact that in 1908 he gave his cousin, John Church, $125 to buy a horse.　He says:

"It was my horse until I got my $125.　I did not give him the horse.　I did not sell it to him.　He gave me a demand note.　I was to be the owner until he paid for it.　He has paid me nothing."

John Church says he was to keep the horse and use it until he paid for it.　At the time defendant took the horse, it was in the stable of John Church, being used by him daily in his business.　The note given

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to plaintiff had not been paid. The agreement between plaintiff and his cousin amounted to a conditional sale, liable to be defeated upon the nonperformance of the condition. John Church, after delivery of the horse to him, had a rightful possession, with which plaintiff could not interfere until a failure by John Church to perform the condition. The latter's interest could ripen into an absolute title by the performance of the condition. An early English decision, followed and approved in a number of cases in this state (Hull v. Carnley, 1 Abb. Prac., at page 164; Schryer v. Fenton, 15 App. Div., at page 159, 44 N. Y. Supp. 203), holds that, in order to maintain trover the plaintiff must have a right of property in the thing and a right of possession, and that unless these rights concur the action will not lie (Gordon v. Harper, 7 Term R. 9). Follett, C. J., in Deeley et al. v. Dwight, 132 N. Y. 63, 30 N. E. 258, 18 L. R. A. 298, holds that:

"An action to recover damages for the conversion of chattels is a strictly legal one, which cannot be maintained unless the plaintiff is entitled to the immediate possession of the property, if in existence."

The plaintiff has failed to show his right to immediate possession, and under the authorities his action must fail. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.