HIRAM TEERPENNING and ELIJAH CARNEY, Appellants, *v.* THE CORN EXCHANGE INSURANCE COMPANY, Respondent.

As a rule, witnesses must state facts, and not draw conclusions or give opinions; and the exceptions to this rule are not to be extended or enlarged.

On a question of value, a witness can only testify to an opinion, when he is shown competent to speak upon the subject.

Accordingly, in an action against an insurance company to recover for a store of goods, destroyed by fire, insured by such company, evidence of a witness, who testified that he was in the store quite frequently, and there the day before the fire, as to "what amount of goods were in the store at the time of the fire, according to his estimate."—*Held*, inadmissible.

It is not permitted to give in evidence the opinion, even of witnesses having knowledge of the subject-matter, as to the damages resulting from a particular transaction. Allen, J.

(Argued December 16, 1871; decided January 24, 1871.)

ACTION on policy of insurance to recover loss by fire. The insurance was upon a stock of dry goods, groceries, provisions, hardware, boots, and generally upon such goods and merchandise as are kept in a country store. The policy was dated April 22d, 1864, and the loss was on the 7th day of August, the same year, and all the property insured was destroyed. The plaintiffs commenced business in April, 1863, and the business was carried on and managed by the plaintiff, Carney.

The action was tried by a referee, and one of the questions contested was the amount and value of the property destroyed, and upon that branch of the case many witnesses were examined, and the testimony was somewhat conflicting.

In the progress of the trial the plaintiff, Teerpenning, was called as a witness for the plaintiffs, and testified that he was a farmer and resided four or five miles from the store; that Carney, the other plaintiff, had the principal charge of the store; that he was in the store quite frequently and through the house, and was there the day before the fire. This question was then put to him by the plaintiffs' counsel, "what amount of goods were there in the store at the time of the fire, according to your estimate."

The question was objected to on several grounds, 1. That the witness was not qualified to express an opinion as to the amount or value of the goods. 2. That it improperly called for the opinion of the witness. 3. That it did not call for facts, and 4. That the witness must state facts, and not his conclusion from them.

The referee overruled the objection, and the defendant excepted, and the witness answered "I estimated them from $3,000 to $4,000." His direct examination then closed, and on cross-examination he testified that he had not been in the mercantile business before the spring of 1863, and that he had been farming all the time up to the time of the trial, and the further cross-examination disclosed the fact that he had no personal knowledge of the purchases and sales or of the business generally.

The plaintiffs had judgment upon the report of the referee, which was affirmed on appeal by the General Term of the Supreme Court, in the third district, and the defendant has appealed to this court.

*T. C. T. Buckley*, for the appellant, that witness must give facts, and that this case is not an exception. (9 N. Y., 186, 191; 2 Comst., 514.) Also citing 23 Wend., 425; 4 Denio, 318; 29 Barb., 419; 44 id., 120; 4 Den., 505; *Trull v. True* (33 Maine).

*Erastus Cooke*, for the respondent, that objection was waived by defendants putting their defence on other grounds. (2 N. Y., 57; 12 N. Y., 97; 9 How. U. S., 390; 25 Wend., 379; 43 Barb., 351.) Also citing 16 Wend., 402; 12 N. Y., 97; 2 N. Y., 58.

Allen, J.   The questions put to the plaintiff, Teerpenning, when under examination as a witness, and objected to by the defendants, called for his opinion of the quantity as well as the value of the goods destroyed. It did not call for a description of the goods, or a statement of their quality or quantity, or any other fact which would enable the referee to form an opinion of their value. It did not even call for a statement of the value of the goods as a fact within the knowledge of the witness, but for the judgment or opinion of the witness, without weighing or measuring either value or quantity, and without any evidence that he had any knowledge of either the character, quantity, quality, or value of the subject-matter of the estimate.

As a rule, witnesses must state facts, and not draw conclusions, or give opinions. It is the duty of the jury, or court, to draw conclusions from the evidence, and form opinions upon the facts proved. The cases in which opinions of witnesses are allowable, constitute exceptions to the general rule, and the exceptions are not to be extended or enlarged, so as to include new cases, except as a necessity to prevent a failure of justice, and when better evidence cannot be had.

On questions of science or trade, and the like, persons of skill and science, experts in the particular science or trade, may give opinions. (1 Greenl. Evi., § 440 ; 1 Phil., Ev., 290.) On questions of value, a witness must often be permitted to testify to an opinion as to value, but the witness must be shown competent to speak upon the subject. He must have dealt in, or have some knowledge of the article concerning which he speaks. (C. and H. Notes, 760; Note, 529.) Persons should be conversant with the particular article, and of its value in the market, as a farmer or dealer, or a person conversant with the article, as to the value of lands, cattle, produce, etc. These stand upon the general ground of peculiar skill and judgment in the matters about which opinions are sought. Per NELSON, Ch. J., *Lincoln* v. *Schenectady and Saratoga R. R. Co.* (23 W. R., 433); *Bull* v. *Flagler* (23 Wend., 354); *Norman* v. *Wells* (17 Wend., 136); *Lamoure* v. *Caryl* (4 Denio, 370).

It is not permitted to give in evidence the opinion of witnesses having knowledge of the subject-matter, as to the damages resulting from a particular transaction. (*Morehouse* v. *Mathews*, 2 Comstock, 514; *Lincoln* v. *Schenectady and Saratoga R. R. Co.*, supra.)

The witness here had no experience in the business; had no knowledge of the cost or market value of the articles comprising the stock of goods destroyed. He knew not the quantity or quality of those on hand at the time of the fire; what amount of goods had been purchased or sold, or what had been the results of the business while in progress. He was a farmer, living and carrying on his farm several miles distant, and was "in the store quite frequently," but never meddling with the business or examining or taking note of the stock on hand. He had no better knowledge of the goods or their value than any neighboring farmer might have had. He could only conjecture the value of the goods, and any statement he could make was entirely unreliable, for the reason that he had not the knowledge and experience enabling him to form an opinion. The facts necessary to a correct judgment by the

referee were susceptible of proof, and hence it was unnecessary to resort to the opinion of a witness who was neither an expert nor had any peculiar knowledge.

The cases bearing upon the question before us are cited and commented on in *Clark* v. *Baird* (5 Seld., 183); and the deduction from them is, that upon questions of value, the opinion of witnesses are admissible, but with the qualification that the witnesses must have peculiar knowledge of the article in question and its value.

No case is referred to in which an opinion as to value has been received from a witness who was not affirmatively shown to be competent to form an opinion.

The rule requiring peculiar knowledge and skill in a witness called as an expert, either as to value or other matter in respect to which experts may be called, has been occasionally very rigidly applied; but the preservation of the rules of evidence, which have been established as the result of judicial experience, and found best adapted to the ascertainment of truth and the administration of justice, require that exceptions should not be lightly admitted or infringements unnecessarily allowed. The referee erred in the admission of the evidence of Teerpenning as to the amount and value of the goods destroyed.

The judgment should be reversed, and a new trial granted, costs to abide event.

All the judges concurring in reversal, except ANDREWS, J., who was absent, and PECKHAM, J., who, having been a member of the court below, did not sit.

Judgment reversed, and a new trial ordered.