DAVID H. JUDSON et al., Respondents, *v.* JAMES ·T. EASTON et al., Appellants.

The title of a mortgagee of chattels, upon default in the payment of the sum secured, becomes absolute in law as against the mortgagor, and his right of possession perfect.

(Argued June 18, 1874; decided September 22, 1874.)

THIS was an action for the conversion of a canal boat called the·"W. B. Shaw." (Reported below, 1 N. Y. S. C. [T. & C.], 598.)

The boat was formerly owned by one Charles Foster, who executed a mortgage thereon to plaintiffs, who, upon default being made in the payment of the sum secured, took possession. The boat was then in defendants' possession, who,. prior thereto, had entered into a contract with Foster for the use of the boat during the season of navigation, Foster to keep the boat in repair, furnish the outfit, captain and one seaman, for which he was to receive five dollars per day. At the time of entering into the contract defendants were informed of plaintiffs' mortgage. Defendants used the boat in carrying freight between New York and Baltimore. In making the trip, she went a part of the distance upon the high seas. It did not appear that plaintiffs had any connection with the making of this contract, or conferred any authority upon Foster to act as their agent therein. Foster wrote them that he could get employ for the boat during the season of navigation, at five dollars a day. In reply, they advised him that this was better than he could do by procuring freight. It did not appear that this was communicated to the defendants, or that they had any knowledge of it. On the same day, after plaintiffs took possession, defendants forcibly retook the same. *Held,* that, upon default in payment, plaintiffs' title to the boat, as against the mortgagor, became absolute in law, and their right of possession perfect (*Champlin* v. *Johnson,* 39 Barb., 606, and cases cited); that defendants, under their contract, acquired no title to the boat as against the mortgagee; that the fact that

the boat was at times upon the ocean gave the defendants no additional right or title than what they would have had had they employed her upon the canals and waters of the State of New York ; that there was nothing to estop plaintiffs from asserting their rights, and having taken possession, its recaption by defendants was a conversion.

Upon the trial, evidence was given by defendants of the value, from witnesses who had seen the boat a few months prior to the conversion. Their knowledge of value was mostly from sales of boats upon credit. *Held*, that the evidence was competent ; that the character of the property was such that it was not subject to sudden change of condition affecting its value, unless injured from some cause, and if this was so defendants could have shown it ; and that the defendants, by cross-examination, might have ascertained the difference in price between credit and cash sales.

Defendants, after one of their witnesses had testified to the condition and market value of the boat, proposed to prove by him the average life of canal boats, and the value of this boat in 1872 (the year after the conversion). This was excluded. *Held*, no error ; that it was proper matter of cross-examination, but if plaintiffs did not choose to go into it, no right was given to defendants to attempt to strengthen the testimony by such inquiries.

*Wm. W. Goodrich* for the appellants.

*A. Perry* for the respondents.

GROVER, J., reads for affirmance.
All concur.
Judgment affirmed.