WILLIAM JARVIS, RESPONDENT, *v.* ELIZABETH FURMAN,
APPELLANT.

*Evidence — opinion of witness as to the value of property — when it is admissible.*

In an action to recover damages for a failure by the defendant to perform a
contract for the sale of real estate, where the value of the real estate at the
time of the breach is to be determined, a witness, who was at that time engaged
in a business which required his attention to be directed to the marketable
value of property of the kind in question, and who was acquainted with that
and other property of the same character in its vicinity, and knew at what
prices such property was held by the persons owning and controlling it, is
competent to express an opinion as to the value of the property in question.

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a
new trial made upon the minutes of the justice before whom the
action was tried.

*H. D. Birdsall*, for the appellant.

*Daily & Crosby*, for the respondent.

DANIELS, J. :

The action was brought to recover damages arising out of the non-
performance of a contract for the sale of real estate. It was made
in writing and subscribed and sealed by the parties to it. The
plaintiff failed to pay the amount becoming due from him at the
time. mentioned in the agreement and gave evidence tending to
show that the defendant required a larger amount, and for the pur-
pose of affording him an opportunity to obtain it extended the time
for the payment. This was the controverted subject at issue
between the parties upon which the right of the plaintiff to recover
in the action was chiefly made to depend ; and the evidence given
to sustain what the plaintiff claimed to be the fact was sufficient to
submit the inquiry to the jury, whether such an extension had been
agreed upon or not, and no exception was taken to the propriety of
submitting this point to their determination. It has been relied

upon, however, as an improper proceeding, because the agreement itself was under seal; and one which should be corrected under so much of the appeal mentioned in the notice as is stated to have been taken from an order denying the motion made upon the minutes to set aside the verdict. But no such order as is mentioned in the notice appears in the case. All that is disclosed upon this subject is that such a motion was made and denied, to which the defendant excepted. But as this was not the ground of an exception (*Matthews* v. *Meyberg*, 63 N. Y., 656) the case is in no such condition as to authorize the consideration of this point. As it has been presented it is to be presumed that the evidence was properly received, and the point raised by it regularly submitted for the decision of the jury.

The court was asked to charge the jury, that if the time of payment was extended to a certain day, and it was not paid on that day, the verdict must be for the defendant. This was declined, not because of any unsoundness in the proposition itself, but for the reason that the evidence did not show any certain day to have been fixed for the payment of the money, if the time mentioned in the contract had, in fact, been extended. The evidence given upon the trial clearly justified the refusal to charge this request, for it did not tend to show that any specified time was agreed upon when the payment should be made, but simply that the plaintiff might take a longer time to raise the money, because of the increased amount required beyond that mentioned in the agreement. It is true that the defendant, in her testimony, stated to Mr. Ruland, on Thursday, that they would only give the plaintiff until the following Saturday to pay the money. But he was not shown to be the agent of the plaintiff, and consequently this information, as it did not appear to be communicated to him, was not binding upon him.

An important subject of inquiry upon the trial, was the value of the property agreed to be conveyed to the plaintiff by the terms of the contract alleged to have been broken, and evidence was given by both parties upon this subject. And as it appeared that the defendant had voluntarily conveyed away the property before the period stated to have been agreed upon for the extension had expired, this evidence was properly received. Further testimony upon this subject was proposed to be given by the witness, Herr, who was called

and sworn on behalf of the defendant. His testimony, as to the value of the property, was excluded upon the plaintiff's objection that he had not been shown competent to give it, and an exception was taken to the ruling by which this objection was sustained. The material point, therefore, to be considered is whether this witness appeared to be competent to answer the question propounded to him. His testimony bearing upon his competency was as follows: Q. Your business is real estate? A. Yes, sir. Q. Do you know anything about the value of property in the neighborhood of these lots you have heard us talking about? A. Yes. Q. What do you know about it, and how did you get your knowledge? A. I was trading in real estate generally since in 1862, and traveling a good deal around speculating to see where I could get the cheapest lots and houses. Q. Do you know what property was bought and sold at in that neighborhood? A. Yes. Q. And what people held it at, etc.? A. Yes. Q. What did you say your business was? A. Real estate. Q. What do you mean by real estate? A. Real estate business. Q. Do you mean to buy and sell for anybody else or for yourself? A. For myself. Q. Speculator in real estate? A. Yes. Q. Did you know in 1868, along about that time, of the value of property in the neighborhood of that property? A. Yes. Q. Do you know the value of this property? A. Yes, sir; I traveled over it oftentimes. Q. How do you know the value of this property? A. By going on and inquiring of parties, and making valuations of different property. Q. Did you know of purchases or sales of real estate in the immediate vicinity of this property, and of this property itself, at that time? A. Not in 1868.

From this examination of the witness it appears that he was engaged in the business requiring his attention to be directed to the marketable value of property of this nature; that he was conversant with this property, and also with other property of the same character in its vicinity, and knew at what prices such property was held by persons owning and controlling it.

His information and knowledge related to the time when it was important in the case to ascertain the value of the property made the subject of this controversy, and as the evidence of the witness was given, he was a competent person to express his judgment upon

this subject.    That evidence of this nature is admissible in such an action is well sustained by the authorities.    (*Morehouse* v. *Mathews*, 2 Conn., 514–516; *Clark* v. *Baird*, 5 Seld., 183.)    In the last case it was held that "the opinion of a witness who has seen the thing in question, and is acquainted with the value of similar things, is not incompetent to be submitted to a jury."    (Id., 196; *Judson* v. *Easton*, 58 N. Y., 664; *Mercer* v. *Vose*, 67 id., 56.)    What is required to render the witness competent to give his opinion is that he must have dealt in or had some knowledge of the article concerning which he is to speak.    (*Teerpenning* v. *Corn Ex. Ins. Co.*, 43 N. Y., 279, 282; *Bedell* v. *Long Island R. R. Co.*, 44 id., 367.) In the last case it was held that "there is no rule of law, and there can be none, defining how much a witness shall know of property before he can be permitted to give an opinion of its value.    He must have some acquaintance with it, sufficient to enable him to form some estimate of its value, and then it is for the jury to determine how much weight to attach to such estimate."    (Id., 370.)

Under the principle established by these authorities, this witness should have been allowed to have answered the question put to him, and the exclusion of his answer was unwarranted and improper. In no other respect does it appear that any principle of law was violated in the trial of the cause, but in this there was error in sustaining the plaintiff's objection.    The evidence proposed to be given related to a material subject of inquiry in the case, and its exclusion can neither be seen, nor held, to have been free from injury to the person offering it.

Because of the exclusion of this evidence, the judgment in the case should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.