NANNIE L. VAUGHN, RESPONDENT, v. MARY M. STRONG, AS ADMINISTRATRIX OF THOMAS J. STRONG, DECEASED, APPELLANT.

*Evidence — a witness must give the language of a conversation, not his conclusions therefrom.*

A witness, as to a conversation, must give the language used therein, and not his own deductions or conclusions therefrom. It is for the court to pass upon the effect of the language used.

Allowing a witness to state his deductions from a conversation, instead of compelling him to give the language used, is an error justifying the reversal of a judgment entered in the trial court, where it is not apparent that such admission did no harm or that it did not affect the result.

Hence, in an action where the main contention was as to whether defendant's intestate received the money in controversy for the use of plaintiff, or in some other capacity, it was improper to permit the mother of the plaintiff, testifying as a witness in plaintiff's behalf, to state, in answer to a question as to what was said on a certain occasion when intestate was present about the intestate's holding the money, and what he was going to do with it; that "my brother was to take it in trust; * * * he thought he was capable of holding this money in trust for these three children, and then he said about the division between the three children."

APPEAL by the defendant Mary M. Strong, as administratrix, etc., from a judgment of the Supreme Court, entered in the clerk's office of the county of Washington on the 9th day of March, 1892, on the confirmation of a report of a referee, in favor of the plaintiff, for $1,157.25, with interest and costs, on a disputed claim presented to the defendant, as administratrix of Thomas J. Strong, deceased, and referred under the statute. (2 R. S., chap. 6, tit. 3, art. 2, § 36.)

On the trial before the referee Annie Vaughn, the mother of the plaintiff, was sworn and testified as follows as a witness for the plaintiff:

"I live in Poughkeepsie; I am the widow of the late Edwin A. Vaughn, who died in April, 1871, leaving surviving two sons and a daughter, named William F., Nannie L. and Thomas S. Vaughn; sometime before his death I was at deceased's office in the town of Sandy Hill; there was several gentlemen present; my brother, one of the firm of Hughes & Northup, perhaps both, Mr. Swift, Mr. George H. Beatties of Poughkeepsie and Mrs. Bailey, my sister (then Laura M. Strong); at that time there was money or a check passed over by Mr. Swift to my brother, Thomas J. Strong, amounting to $1,750. Q. Was anything said at that time about for whose benefit this money was? A. Well, there was quite a little conversation about the children, and about how this should be divided. Q. I want to know first if there was anything said about for whose benefit this money was? A. Yes, sir, for the children. Q. For these children that you have mentioned? A. Yes, sir, for these three children. [Defendant objects to the question and moves to strike out the answer on the ground that the witness states her conclusions and does not state any conversation. Objection overruled, motion denied and exception to the defendant.] This conversation about the money was principally between Mr. Strong and Mr. Swift; they were talking about the money; there was quite a little conversation, I believe; I couldn't really remember all that was said pertaining to this division of the money. Q. State what you recollect of the conversation? I recollect Mr. Swift said there was something for the daughter as well, and he would talk about the division, that is, as equally as possible. Q. What was said about Mr. Strong's holding the money? [Objected to by the defendant as leading. Objection overruled.] A. He was proposed to take

it in trust for these children, for them. [Defendant moves to strike out the answer as not being a part of the, conversation, and as a conclusion or deduction of the witness.] Q. You may state as near as you can; if you can't tell the language, tell what was said about the money? A. As I said, I wasn't very well at the time; I don't recollect everything that was said. Q. State what was said about Mr. Strong's holding this money and what he was going to do with it? [Objected to by the defendant as leading and improper; that the witness should state the conversation in detail, and it is improper to call attention to some particular subject until her memory is exhausted as to the conversation. Objection overruled.] A. My brother was to take it in trust in preference to Mr. Swift; Mr. Swift thought he was capable as he did a good deal of business, of investing this money to better advantage, and my brother said he thought he was capable of holding this money in trust for these three children, and then he said about the division between the three children. [Defendant moves to strike out the last part of the answer, and so much of the answer to the question as does not give the conversation. Motion denied and exception to the defendant.] A. Division of the money was talked about that day when I was present. Q. Do you remember what was said about how it was to be divided? [Objected to by the defendant, that the witness should state the conversation in detail and all she remembers of it, and that until her memory is exhausted the question is leading and improper. Objection overruled and exception to the defendant.] A. I recollect that they talked of the division, and how it should be divided, and to be divided as equally as possible; $650 to Will, the oldest; this was at the time I was to the office, and the only time in the presence of these gentlemen we talked there of the division." * * *

The referee found that the defendant, as administratrix of Thomas J. Strong, deceased, was indebted to the plaintiff in the sum of $500, with interest thereon from the 1st day of July, 1871, amounting in all to the sum of $1,157.25, together with costs. The referee's report was confirmed at a Special Term, held in the county of Washington, and judgment ordered for the plaintiff accordingly.

*T. A. Lillie*, for the appellant.

*W. Farrington*, for the respondent.

MAYHAM, P. J.:

Appeal from a judgment entered in favor of the plaintiff upon the report of a referee, on a disputed claim presented to the defendant, as administratrix of her deceased husband, Thomas J. Strong, and referred, under the statute, with the approval of the surrogate of Washington county.

The main contention in this case was whether the intestate received this money, in controversy, in trust for the use of plaintiff, or in some other capacity.

The capacity in which such money was received by him is the vital question in this case. Any essential error in the receipt of evidence on this point cannot be overlooked on this appeal. Viewed in this light, I think the question put to the witness, Annie Vaughn, and the answer to the same, and the refusal of the referee to strike the same out, on motion of defendant's counsel, was error for which this judgment should be reversed.

The question allowed, if it did not call for the conclusion of the witness, still the answer was but her conclusion upon the main question to be found by the referee in the case as to whether or not intestate received this money in trust. The answer of the witness was : " My brother was to take it in trust in preference to Mr. Swift. Mr. Swift thought he was capable, as he did a good deal of business, of investing this money to a better advantage, and my brother said he thought he was capable of holding this money in trust for these three children, and then he said about the division between the children."

The defendant moved to strike out so much of this answer to the question as does not give the conversation. This motion was denied, and the defendant duly excepted.

This answer was given under the objection that the witness should only state the conversation.

To another question put by the plaintiff's counsel as to what was said about Strong (intestate) holding the money, which was also objected to, the witness answered : " He was proposed to take it in trust for these children for them." This answer the defendant moved to strike out as not being a part of the conversation, and as a conclusion or deduction of the witness, which motion was not granted.

We think that these answers substituted the conclusion of the witness, who manifestly has a strong bias for her children, who were plaintiffs, for that of the court, and allowed her to make her own deductions from the conversation instead of giving the conversation, and leaving the court to draw the proper conclusion from it.

It was for the witness to give the language used in the conversation, and for the court to pass upon its effect.

This rule is elementary and is supported by a uniform current of authorities. This rule is well stated in Rice on Evidence (p. 326) and in *Teerpenning* v. *Corn Exchange Insurance Company* (43 N.Y., 279). ALLEN, J., says: "As a rule, witnesses must state facts, and not draw conclusions or give opinions. It is the duty of the jury or the court to draw conclusions from the evidence and form opinions upon the facts proved."

It is true that this rule does not apply in the case of expert testimony. But in such cases the expert testimony is received in the nature of facts from the necessity of the case.

But in the case last cited it is held that the rule above stated should not be extended or enlarged.

This is not a case where the appellate court can see that the illegal evidence did not harm the defendant or affect the result.

It is unnecessary, therefore, to examine the evidence further, or pass upon the weight of evidence offered by the respective parties for the purpose of determining the merits of the controversy.

The judgment should be reversed, the referee discharged, and a new trial ordered, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, referee discharged, new trial ordered, costs to abide event.