(9 App. Div. 48.)

VILLAGE OF HEMPSTEAD v. BALL ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

1. NUISANCE—ELECTRIC POLES AND WIRES IN STREETS.
    Poles, wires, and lamps placed in the streets of a village for the purpose of lighting them, but no longer used, are a nuisance, and their removal may be compelled at the suit of the village.

2. MUNICIPAL CORPORATIONS—OBSTRUCTION OF STREET—ACTION BY VILLAGE.
    The trustees of a village may sue in its name to compel the removal of obstructions in the streets; Laws 1870, c. 291 (Village Law) tit. 7, § 1, as amended by Laws 1871, c. 870, declaring a village incorporated thereunder a separate highway district, and that the trustees shall have all the powers of commissioners of highways of towns. One of the powers under Laws 1892, c. 686, § 15, is to sue in the name of the town to sustain the rights of the public in any highway in the town.

Appeal from special term, Queens county.

Action by the village of Hempstead against the Ball Electric Light Company to compel defendant to remove its poles, wires, and electric lamps from plaintiff's streets. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Van Vechten & Delavan, for appellant.
Weller & Davison, for respondent.

WILLARD BARTLETT, J. The purpose of this action was to procure the removal from the streets of the village of Hempstead

of certain poles, wires, and lamps placed therein by the defendant in order to furnish electric light to the village. By the terms of a contract made in August, 1892, between the parties to this action, the Ball Electric Light Company undertook to erect in the village an electric light plant, and furnish certain arc and incandescent lights, without unnecessary interruption, for five years from October 15, 1892, for which it was to receive a stipulated compensation. The village was lighted, under this agreement, up to the end of July, 1894, when the defendant ceased furnishing light, on the ground that the paper already mentioned, purporting to be a contract, was absolutely null and void. Since that time the poles, wires, and lamps of the defendant in the village streets have been wholly disused for illuminating purposes. and the defendant, although duly requested so to do, has neglected to remove them. The present action was instituted by the trustees of the village, in its name, to compel their removal on the ground that they constitute an unlawful obstruction in the highway, amounting to a public nuisance. The plaintiff prevailed upon the trial at special term. The defendant, in asking this court to reverse the judgment, relies upon two main grounds: First, that the acts complained of do not constitute a nuisance; and, second, that an action to abate a nuisance cannot be maintained by this plaintiff, but, if maintainable in equity at all, must be in a suit instituted upon the relation of the attorney general or in the name of the people of the state.

The cases cited in behalf of the appellant in support of the proposition that the acts complained of do not constitute a nuisance, so far as they relate to telegraph poles or poles for electric lighting, apply only to such structures when placed in the public streets or highways by legislative authority, and when used for the purposes for which they were intended. They afford no sanction whatever to the idea that a corporation which has availed itself of the permission of the municipal authorities to occupy a portion of the highway with an electric lighting plant, upon its express undertaking to furnish the municipality with light, can lawfully insist upon maintaining the structures which it has thus erected after it has absolutely refused to fulfill its contract and supply the light. We entertain no doubt whatever that under such circumstances the disused poles, wires, and lamps constitute unlawful obstructions which it is the duty of the corporation to remove.

As to the second point, the respondent recognizes the authority of Rozell v. Andrews, 103 N. Y. 151, 8 N. E. 513, and concedes that such an action as this could not have been maintained by the village trustees, in the name of the village, prior to the enactment of the highway law (Laws 1892, c. 686). Section 15 of the highway law provides as follows:

"Commissioners of highways may bring an action in the name of the town against any person or corporation to sustain the rights of the public in and to any highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto, and to recover any damages sustained or suffered, or expense made or incurred by such town in consequence of any act or omission of any such person or corporation in violation of any law or contract in relation to such highway."

The village law (chapter 291, tit. 7, § 1, Laws 1870, as amended by chapter 870, Laws 1871) declares that:

"A village incorporated under this act shall constitute a separate highway district within its corporate limits exempt from the superintendence of any one except the board of trustees, who shall be commissioners of highways in and for such village and shall have all the powers of commissioners of highways of towns in this state, subject to this act."

We think these two enactments, taken together, authorize the maintenance of an action by the trustees of an incorporated village to compel the removal of an unlawful obstruction on the highway which constitutes a nuisance. The grant of power to commissioners of highways in section 15 of the highway law is very broad, and, under the provision which we have quoted from the village law, the board of trustees are expressly declared to be commissioners of highways for the village, with all the powers of commissioners of highways of towns. The phrase "subject to this act," in the village law, does not seem to be a limitation which has any bearing upon this question.

As to the suggestion that the proper remedy is either by indictment or by an action instituted on the relation of the attorney general in the name of the people, it is sufficient to quote what was said by Marvin, J., in the case of Griffith v. McCullum, 46 Barb. 561–569, referred to with approval by the court of appeals in Lawton v. Steele, 119 N. Y. 226–238, 23 N. E. 880:

"That which is exclusively a common or public nuisance cannot lawfully be abated by the private act of individuals. The remedy is an indictment,—a criminal prosecution,—unless some other remedy has been provided for by statute, as is the case in some of our city and village acts of incorporation."

Here some other remedy has been provided for by statute, as appears from the provisions of the highway law and the village law, to which reference has been made. We may add that the right of the trustees of a village to maintain an equitable action to restrain unlawful interference with a village highway has already been upheld by this court in the case of Town of North Hempstead v. Gallagher, in which the judgment was affirmed without an opinion at the June term. 39 N. Y. Supp. 1134.

The judgment of the special term should be affirmed, with costs. All concur.