## McBRIDE v. ROSS.

Injunctions; Streets and Highways; Equity Pleading and Practice; Licenses.

1. A bill in equity is maintainable by the Commissioners of this District in their own names as Commissioners, for a mandatory injunction to compel a person, whose license to temporarily occupy a portion of a public avenue and parking has been revoked, to remove a structure used as a refreshment stand from such avenue and parking.

2. Where pending such a suit, one of the three Commissioners retires from office, an order should be procured from the court substituting his successor in office as a party complainant; but a failure to make such substitution in the court below will not on an appeal by the defendant be held to be reversible error, where two of the original complainants remain in office. If necessary, the change of parties may be made in this court.

3. Where the answer of the defendant, in such a case, admits the granting of the license to her, but denies, generally, unlawful occupation, but gives no explanation of why she continues in possession, such denial is the statement of a conclusion of law and is inadmissible.

4. In the absence of a denial by the defendant, in such a case, when heard on bill and answer, that her structure is in the avenue as charged, a claim by her in her answer that a map of the avenue attached to the bill as an exhibit showing the location of the structure, is incorrect in some of its details, is immaterial.

5. An objection by the defendant, in such a case, that the license issued to her was signed by the Inspector of Buildings and not by the Commissioners, is untenable. Under their authority to

make regulations for the control of stands and of private buildings, the Commissioners may act in such matters through his agency, and licenses issued by him under their orders or with their approval become their official acts.

No. 848. Submitted December 6, 1898. Decided December 9, 1898.

HEARING on an appeal by the defendant from a decree awarding a mandatory injunction. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Tracy L. Jeffords* and *Mr. L. F. Englesby* for the appellant.

*Mr. S. T. Thomas,* Attorney for the District of Columbia, and *Mr. A. B. Duvall,* Assistant Attorney, for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

The bill in this case was filed by complainants, John W. Ross, John B. Wight and William M. Black, Commissioners of the District of Columbia, in their public capacity, against Mary J. McBride, to obtain a mandatory injunction to compel her to remove a certain structure, occupied as a "refreshment stand," from Connecticut avenue (extended), at the junction therewith of Joliet street.

Complainants alleged that, as Commissioners aforesaid, they have the control of said street, among others, in the city of Washington. That on October 1, 1896, defendant entered thereon and erected her said structure under a temporary license from complainants. That said license was granted for a temporary occupation of said avenue and its parking, and expressly subject to revocation at the will of said Commissioners. A copy of the license as issued is made an exhibit to the bill. It bears no date and is signed by John B. Brady, "Inspector of Buildings." On April 7, 1898, the said license was revoked by order of the Commissioners, and a copy of the order, with notice to quit, was served on defendant April 18, 1898. The structure of defendant has become an obstruction to the public, is in the

13 Ct. App.—38

way of contemplated improvements at the Joliet street junction, at or near the entrance to the Zoological Park, and is a public nuisance. Defendant has failed and refused to remove her said structure, and maintains the same in opposition to said order of removal.

Defendant entered a plea alleging the want of necessary parties plaintiff, because, since the institution of the suit, William M. Black, the Engineer Commissioner, has been relieved by the President of the United States, and Lansing H. Beach detailed to act as a Commissioner in his stead.

The plea was overruled, and defendant was ordered to answer the bill within a given time. 'The answer filed alleged the change in the Commissioners as charged in the plea aforesaid; and also averred that the right of action, if any, is in the District of Columbia, and not in the Commissioners thereof. It denied that defendant was in unlawful occupation of the avenue as alleged in the bill. It admits, however, that she was granted the license as alleged in the bill, but denies that she holds thereunder, without, at the same time alleging any other right or title to the occupation. The answer also charged that the exhibits referred to in the bill were not properly attached thereto, and that one of them, purporting to be a map of the streets showing the location of defendant's structure, is incorrect.

No testimony was taken, and on the hearing on bill and answer the injunction was ordered to issue as prayed.

1. The District of Columbia is a municipal corporation, and as such may sue and be sued. The Commissioners, three in number, are its governing officers, and in that capacity have succeeded to the control over the streets and highways that was once vested in the Board of Public Works under the preceding municipal government. Comp. Stat. D. C., Ch. XIX, Sections 5, 7, 19; and see statutes recited in *U. S. ex rel. Strasburger* v. *Commissioners*, 5 Mackey, 389, 398.

Being a municipal corporation, it is no doubt true that

all ordinary actions on behalf of the District of Columbia should be brought in that name and not in the name of the Commissioners. The Commissioners have brought this suit in their own names as Commissioners for and on behalf of the public interests intrusted to them. Whether it is permissible for them generally to maintain suits in equity for and on behalf of the District of Columbia in their own names, as Commissioners, is a question that need not be decided in this case. They have the power to maintain this suit as Commissioners and governing officers of the District of Columbia, because they are, by existing laws, as we have seen, invested with the control and regulation of the public streets of the city of Washington, with certain exceptions in which the street in question is not included. In addition to this, a recent act of Congress, enacted apparently to remedy an omission pointed out in the case of *District of Columbia* v. *Libbey,* 9 App. D. C. 321, expressly transfers to and vests in the Commissioners the jurisdiction and control of the street parking in the streets and avenues. 30 Stat. 570.

2. The Commissioners act as a board, and two of them may exercise the powers conferred, in the absence of one of their number, or even against his expressed wish, if present and participating in the proceedings. Upon the substitution of Commissioner Beach for former Commissioner Black by order of the President, correct practice suggested the propriety of calling the attention of the court to the fact, and procuring a formal order substituting him also as a party plaintiff in the pending suit. But such an order was not absolutely necessary so long as two of the original complainants remained in office, and the failure to make the substitution of one for the other is not sufficient cause for reversing the decree. If necessary, too, the change of parties might be made in this court.

3. The answer of the defendant is not a denial of the material allegations of the bill. The denial of unlawful occupation, generally, is the statement of a legal conclusion

and not a fact. The answer expressly admits the defendant was granted a license, as charged in the bill, by the Commissioners. Having entered into possession of the street and parking under that license, her general denial, without any explanation whatever that she holds possession thereunder, is inadmissible.

4. Whether the map attached to the bill, as an exhibit, is correct in its details or not, is an immaterial matter. The fact is alleged and is not denied that the defendant's structure is in the avenue as charged ; and it can make no difference whether it occupies more of the parking than of the street proper or the avenue.

5. The objection taken to the exhibit copy of the license issued to the defendant is also without merit. Though bearing no date, it is alleged to have been issued on October 1, 1891, and this is expressly admitted in the answer. Its effect is not weakened by the fact that it appears to have been signed by the Inspector of Buildings, and not by the Commissioners, or officially by their secretary. The bill alleges that it was issued by the Commissioners, which is equivalent to saying that it was issued by their order and authority. The court will take judicial notice that there is an executive officer, subject to the authority of the Commissioners, designated as the Inspector of Buildings. The appropriation bills of Congress for the District of Columbia make regular provision for the payment of his salary from time to time, and his office and duties have been recognized by other acts. 25 Stat. 802.

Under their authority to make regulations for the control of stands and of private buildings, the Commissioners may act in all such matters through his agency, and licenses issued by him under their orders or with their approval become their official acts.

Finding no error in the decree, it will be affirmed, with costs; and it is so ordered. *Affirmed.*