# GUERIN *v.* MACFARLAND.

OFFICERS; INJUNCTION; STREETS AND SIDEWALKS; EQUITY PRACTICE.

1. A bill in equity is maintainable, in the names of the District commissioners in their official character, to enjoin the maintenance and use by the defendant of a show window projecting over the building line of a street and encroaching upon public parking. (Following *McBride* v. *Ross,* 13 App. D. C. 576.)

2. *Quære,* Whether such a bill would be maintainable in the name of the District of Columbia.

3. The control of the streets of the city of Washington for the purpose of protecting them from unlawful encroachment is vested in the commissioners of this District, whether the fee of the streets be in the United States, the District of Columbia, or the owners of lots abutting thereon.

4. Where a defendant, instead of answering a rule to show cause, demurs to the bill of complaint, and, his demurrer being overruled, he fails to ask leave to answer over, it is too late, on an appeal by him from a· decree granting the relief sought, to object that his demurrer was treated as an answer to the rule to show cause.

No. 1643.   Submitted April 5, 1906.   Decided May 1, 1906.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia in a suit by the commissioners of the District for an injunction.   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order enjoining the maintenance and use of a projection of a show window over the building line of East Capitol street, in the city of Washington.

The bill of the appellees, Henry B. Macfarland, Henry L.

West, and John Biddle, in their official capacity as commissioners of the District, alleged the following facts: That on March 15, 1905, the appellant, John R. Guerin, as owner of a certain frame building on East Capitol street, made application to the inspector of buildings for a permit to make repairs on the same, which repairs were represented as consisting of replacing weather boarding, window frames and sash, and wooden cornice. That the permit was issued for the purposes designated, subject expressly to the provisions of the building regulations, and contained express limitations in the following words: "No enlargement—no increase in the projection of cornice." That defendant, instead of observing the terms of his application and the conditions of the permit issued in accordance therewith, proceeded to erect a show window in his said building, 7 feet and 10 inches wide, which, for said entire width, projected beyond the building line, and encroached upon the public parking of the said street to the extent of 3 feet. That when the inspector examined the work, on March 17, 1905, he discovered the unlawful encroachment, and at once demanded its removal. That, subsequently, written notice was given to the defendant to remove said obstruction, because it was in violation of section 19 of the building regulations of the District. That defendant refused to remove the said obstruction, and continues said unlawful encroachment, thereby creating a public nuisance. The prayer was for a rule to show cause why an order should not be granted removing said obstruction, and, upon hearing, for a decree to that end.

The rule was issued, and in obedience thereto the defendant appeared and entered a demurrer to the bill. This was overruled. The defendant asked no leave to answer the bill, and, his appearance and demurrer being deemed equivalent to an answer to the rule, the order for the abatement of the nuisance was passed, directing the mandatory injunction to issue upon compliance by the complainants with equity rule 42.

*Mr. W. J. Lambert* and *Mr. John Ridout* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The main contention on behalf of the appellant is that it was error to hold that the commissioners could maintain the bill in their own names and behalf. This we think is fully met by a former decision of this court. *McBride* v. *Ross,* 13 App. D. C. 576, 579.

That the fee-simple title to the street is in the United States does not differentiate this case from that. The control of the streets for the purpose of protecting the same from unlawful encroachments is vested in the commissioners, whether the fee thereof be in the United States, the District of Columbia, or the owners of lots abutting thereon. The organization of the District of Columbia into a municipal corporation, as pointed out in the recent case of *Walter* v. *Macfarland, ante,* 182, is peculiar. Whether the suit could have been maintained in the name of the District of Columbia we are not called upon to determine, for the power of control and regulation of the streets and parking as involved in the case at bar, is expressly conferred upon the commissioners as the executive officers of the District. There is nothing opposed to this view of their powers in the case of *Walter* v. *Macfarland, supra.* The power claimed in that case, and denied, was of an essentially different character.

Having elected to demur to the bill, thereby admitting all the facts alleged therein, and having failed to ask leave to answer when the demurrer was overruled, it is now too late to object that it was treated as his response to the rule to show cause.

The decree, as entered, was right, and must be affirmed, with costs. It is so ordered.          *Affirmed.*