The Village of Stillwater, Appellant, *v.* Hudson Valley Railway Company and Another, Respondents.

Third Department, March 27, 1930.

*Sidney W. Hewitt* and *Robert Frazier* [*Robert Frazier* of counsel], for the appellant.

*C. E. Fitzgerald,* for the respondent Hudson Valley Railway Company.

*James McPhillips* and *White & Case* [*James McPhillips* of counsel], for the respondent Bankers Trust Company.

*John A. Slade,* for the City of Saratoga Springs, by permission of court, in support of appellant.

PER CURIAM. The action is brought to restrain a nuisance existing in the streets of the village of Stillwater; for the removal of poles, rails, wires and tracks and the abatement of the nuisance and repair of the street or for damages for removing such obstructions and restoring the pavement and for such other and further relief as may be just.

The facts are that the Hudson Valley Railway Company, defendant, is a corporation into which several other street railway companies were consolidated, among others the Stillwater and Mechanic-ville Street Railway Company. The Hudson Valley Railway Company mortgaged its property to the Merchants' Trust Company as trustee, to secure a bonded debt of $3,518,000. That company was succeeded by the Bankers Trust Company October 26, 1905.

Main street in the village of Stillwater has a length of upwards of 6,800 feet. The rails of the defendant railway company are ninety-five-pound T rails and have for upwards of twenty years occupied said street.

On December 1, 1928, the stockholders of the defendant railway company passed a resolution for the discontinuance of the railway operations and to liquidate and dissolve the company, since which time the railway company has not operated in the village, and the liquidation has proceeded.

The defendant The Hudson Valley Railway Company defaulted in the payment of its interest on its bonds July 1, 1928. On February 7, 1929, the trust company, as it was required by the mortgage to do, gave notice in writing to the defendant railway company declaring the principal of the outstanding bonds to be due. The railway company has entered upon a sale of its chattel property and has paid over much of the proceeds of such sales to the trustee under the mortgage. It is apparent that in receiving such money the trustee has participated in compliance with the resolution aforesaid and has ratified the action of the railway company under such resolution.

The inexorable inference is that the defendants had abandoned the fifteen poles, three span wires and the ties and rails remaining in Main street at the time of the trial.

On the trial it appeared that the current assets of the railway company were $71,489.38, and that the then cash balance in the hands of the treasurer was $433.80. The situation of current assets and cash was continued by an injunction, no copy of which has been printed in the record, until the order was vacated by the judgment.

The structures remaining in the street consist of supporting ties, imbedded in the earth, a T rail separated from the pavement by a groove of width and depth sufficient to permit the play of the flange of a wheel of a street car. In this groove motor vehicles attempting to cross the rails obliquely have been thrown into skidding and on account of the smoothness of the rails and because of the presence of leaves and frost on the rails accidents have happened. The surface of the street has been marred and impaired by the continuance of conditions dangerous to the public, which will increase the menace to public travel if they are suffered to continue.

The trial justice has found that such conditions do not establish a public nuisance.

We are unable to agree with such a conclusion and are persuaded that the abandonment by the defendants of their poles, ties, rails and wires is dangerous to the public and has created or threatens to create such a nuisance. (*Village of Hempstead* v. *Ball Electric Co.*, 9 App. Div. 48; *City of New York* v. *Montague*, 145 id. 172; *City of Mt. Vernon* v. *Berman & Reed*, 100 Ohio St. 1; *Davis* v. *Mayor, etc., of N. Y.*, 14 N. Y. 506; *Griffin* v. *Mayor, etc., of N. Y.*, 9 id. 462; *People* v. *Kerr*, 27 id. 188, 193, 195; 1 Wood Nuisances [3d ed.], § 71; *Peck* v. *Schenectady R. Co.*, 170 N. Y. 298; *Chicago & Eastern R. R. Co.* v. *Loeb*, 118 Ill. 203; 59 Am. Rep. 341, and cases cited.)

The trial justice has further found that the rights of the plaintiff should be subordinated to the lien of the mortgage and "that no future expense for pavements or repairs that may hereafter be incurred by the plaintiff * * * is a lien upon any of the real and personal property and assets of the defendant, Hudson Valley Railway Company, prior and superior in any respect to the lien of the mortgage * * * of the Hudson Valley Railway Company."

These findings disregard the terms of the franchise of the defendant railway company, which was granted upon the condition that "the railroad company [The Stillwater and Mechanicville Street Railway Company] its successors and assigns shall hold, save and keep the Village of Stillwater forever harmless from any loss or damage which shall be due to the construction, maintenance and operation of said Company's railroad or by a failure on the part of said Company to comply with the conditions herein provided for, or by reason of any defect in said streets caused by said Company."

Such findings further disregard the statutory provision of section 178 of the Railroad Law (as amd. by Laws of 1921, chap. 433), which provides that the railway company while it uses or maintains its tracks in the street shall repair the portion of the street between the rails and two feet in width outside of the tracks. The action being in equity, it is negligible that the time of the company in which to repair had not expired when such action was brought.

Beyond these requirements of the grant of the franchise and statute, exists the basic power on the part of the municipalities to control public streets for the benefit of the public and the obligations on the part of the municipalities to abate and keep such streets free of nuisance. (*Hayes* v. *Brooklyn Heights R. R. Co.*, 200 N. Y. 186.)

Every railroad, gas or lighting corporation granted a franchise to use public streets or highways takes such grant with the implied obligation not to subordinate such streets or highways to an impairment of use beyond that granted; and when it surrenders or abandons such use to restore the pavement of the invaded street or highway to the condition of the adjacent pavement. (*City of Mt. Vernon* v. *Berman & Reed, supra; City of New York* v. *Montague, supra; Lackawanna Iron & Coal Co.* v. *Farmers' Loan, etc., Co.*, 176 U. S. 298; *Detroit United Ry.* v. *Detroit*, 229 id. 39, 46.)

The expense of abating such a trespass and nuisance as is under consideration is not upon the person or corporation who may be the trustee; it is upon the business, upon the trust property. If liability were personal no one could be found to act as trustee of an insolvent railroad corporation. It would be unreasonable to assert that the mortgagee upon default under the mortgage and coming into the possession of a great railroad property could be held liable for torts growing out of the location or use of the physical property in the business. (*Farrell* v. *Union Trust Co.*, 77 Mo. 475; *City of Mt. Vernon* v. *Berman & Reed, supra;* 3 Elliott Railroads [3d ed.], § 1724, and cases cited.)

The principle involved is akin to that which fixes a prior lien to the mortgage upon the insolvent estate to pay current debts (*Chesapeake, Ohio & Southwestern R. R. Co.* v. *Griest*, 85 Ky. 619; *Lackawanna Iron & Coal Co.* v. *Farmers' Loan, etc., Co.*, 176 U. S. 298), or the principle asserted in *Matter of Babington* v. *Yellow Taxi Corp.* (250 N. Y. 14) that, where under the Workmen's Compensation Law of the State the driver and the car of the owner are commandeered by the police under the necessity of the State to apprehend a criminal, the employer is liable for compensable injuries and death.

At its base the priority of a lien claimed by the plaintiff rests

upon an assertion of the police power over the highways of the State. Such assertion is available as well to the municipal authority as to the Attorney-General. (*Village of Hempstead* v. *Ball Electric Co.*, *supra;* *City of New York* v. *Montague, supra;* *City of Mt. Vernon* v. *Berman & Reed, supra.*)

It should not be overlooked that the mortgage of the defendant trust company, so far as it secures the bonds of the defendant railway company by a lien upon its chattels, comes under the rules of law which obtain as to chattel mortgages. Upon the default of the mortgagor the title of the mortgagee to the chatteled property becomes absolute. (*Judson* v. *Easion*, 58 N. Y. 664; *MacDonnell* v. *Buffalo L., T. & S. D. Co.*, 193 id. 92; Lien Law, § 231.)

It is trite that the party who continues a nuisance is responsible for its existence, and may be required to abate it or pay the damages necessary to accomplish such abatement. Here the trustee leaves the possession in the railway company and retains the ownership.

In light of the foregoing we have reached the conclusion that both of the defendants are responsible for the existence and continuance of the nuisance. (*City of New York* v. *Montague, supra.*)

The judgment should be reversed and the plaintiff should have an injunction as prayed for in the complaint.

HINMAN, Acting P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment reversed on the law and the facts, and injunction granted as prayed for in the complaint, with costs to the appellant in this court and in the court below.

This court reverses the following findings of fact, to wit: 13, 14, 15 and 28, and disapproves the following conclusions of law, to wit: first, second, third, sixth, seventh, eighth and ninth; and also disapproves the refusal of the trial court to find the following proposed findings of fact of the plaintiff, and finds the same, to wit: 13, 14, 16, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 35 and 44; and disapproves the failure of the trial court to find all of the conclusions of law except VI, VII and VIII, and finds the remainder of such conclusions of law.

Conclusion of law V is amended by striking out the words "a reasonable time" and inserting the words "sixty days from the service of a copy of the judgment and the notice of entry thereof upon the defendants."

Conclusion of law X is amended by adding before the word "prior" therein the words "in its hands or in the hands of the Bankers Trust Company."

Settle order before HINMAN, Acting P. J., on three days' notice.