## CAPITAL TRANSIT CO. v. HAZEN et al.

### No. 6935.

United States Court of Appeals for the District of Columbia.

Argued Oct. 21, 1937.

Decided Nov. 15, 1937.

G. Thomas Dunlop, S. R. Bowen, and H. W. Kelly, all of Washington, D. C., for appellant.

Elwood H. Seal, Vernon E. West, and Hinman D. Folsom, all of Washington, D. C., for appellees.

Before ROBB, GRONER, and MILLER, Associate Justices, and WHEAT, Chief Justice of District Court.

WHEAT, Chief Justice of District Court.

The question in this case involves the authority of the Commissioners of the District of Columbia to require the Capital Transit Company to remove its tracks and other structures from E Street between Eleventh and Fourteenth Streets, where the Public Utilities Commission has lawfully ordered the abandonment of street railway service and also to order the Transit Company to repave, at its own expense, that portion of the street from which the tracks would be so removed.

The court below held that the Commissioners had that authority and granted a judgment of mandamus requiring the Capital Transit Company to make such removal and repavement. From that judgment the Capital Transit Company has appealed. The essential facts are not in dispute.

Prior to January 14, 1933, the Capital Traction Company and the Washington Railway & Electric Company entered into a merger agreement under an Act of Congress approved March 4, 1925 (43 Stat. 1265), which provided that no such merger should be effective until it had been specifically approved by further act of Congress. Among other things, the agreement specifically provided: "Approval of this agreement by Joint Resolution or Act of Congress of the United States shall constitute and confer jurisdiction on the Public Utilities Commission to issue any order reasonably necessary to secure the operating and/or other economies contemplated by this merger, and to order reason-

able extensions and/or reasonable abandonments of tracts and/or facilities."

Thereafter, by Resolution of January 14, 1933 (47 Stat. 752), Congress approved said merger agreement and by section 11 of the Resolution (47 Stat. 761) provided, among other things, for the right of the Public Utilities Commission to order reasonable extension or reasonable abandonment of tracks and facilities. The Capital Transit Company, as provided for by the merger act, was incorporated and took over the railway properties of the Traction Company and the Washington Railway Company as of December 1, 1933.

Thereafter, pursuant to appropriate orders of the Utilities Commission, the use of the tracks in question was abandoned and they were disconnected from the tracks on Fourteenth Street and Eleventh Street (R. 30). On June 23, 1936, the Commissioners of the District of Columbia made an order requiring and directing the Capital Transit Company to take up and remove the E Street tracks and to repair and restore the pavement injured or destroyed by such removal, and issued a demand on the Company accordingly. The Company refused, and the action for mandamus followed.

The pleadings consisted of a petition, answer, and traverse. Evidence was taken, and at the conclusion of the trial the court rendered an opinion containing findings of fact and concluded as matter of law that the District Commissioners were entitled to the mandamus sought. The evidence tended to show that the existence of the tracks in the street means a shorter life to the street pavement and a continuous and increasing expense for the maintenance and repairs of the street (R. 36), that the tracks cause inconvenience to highway uses, and constitute a traffic danger and hazard (R. 34). The court below found as a fact that there is somewhat more of a "hazard" in traveling over the street than there would be if the tracks were not there (R. 19) and concluded that there was a legal duty on the part of the Capital Transit Company to remove those tracks.

It seems to us too plain for serious argument that when the Public Utilities Commission ordered these tracks abandoned and when the operation of a street railway thereon was abandoned and the Company stopped running its cars thereon and took out the connecting rails at the

Eleventh Street and Fourteenth Street ends there was in every practical sense a final termination of its right to use the E Street tracks.

There is no use in quibbling over the meaning of the words "abandon" and "abandonment." They are words in common use and their meaning is well understood. Among the definitions of "abandon" contained in Webster's New International Dictionary of 1929 is the following: "2. To relinquish or give up with the intent of never again resuming or claiming one's rights or interests in; to give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in;"

Abandoned structures in streets or highways are when ordered removed by competent authority illegally in such streets or highways. Village of Stillwater v. Hudson Valley Ry. Co., 229 App.Div.N.Y. 41, 241 N.Y.S. 569. That case was taken to the New York Court of Appeals, where it was modified on another point, but on the point similar to the one involved here the Court of Appeals, after referring to the fact that the railroad company had operated with the consent of the municipality, said: "The consent is at an end, and the tracks of the railroad company in the street are there without authority, and constitute a trespass or a public nuisance. They must be taken up." 255 N.Y. 144, 174 N.E. 306, 308.

The Court of Appeals cited in support of this proposition: City of Detroit v. Detroit United Railway, 172 Mich. 136, 137 N.W. 645; Detroit United Railway v. City of Detroit, 229 U.S. 39, 33 S.Ct. 697, 57 L.Ed. 1056; City of Mt. Vernon v. Berman & Reed, 100 Ohio St. 1, 125 N.E. 116; People ex rel. Metropolitan Street Railway Co. v. State Board of Tax Commissioners, 174 N.Y. 417, 67 N.E. 69, 63 L.R.A. 884, 105 Am.St.Rep. 674; Transit Commission v. Long Island Railroad Company, 253 N.Y. 345, 171 N.E. 565; Village of Hempstead v. Ball Electric Light Company, 9 App.Div. 48, 41 N.Y.S. 124.

This is fundamental law.

While there is nothing in the merger act which expressly says that when tracks are ordered abandoned the Company shall thereupon remove them, that result would seem to follow by necessary implication. Plainly, the Commissioners have a right to require the removal of structures or other property unlawfully

in a public street. We think these tracks by all authority constitute a public nuisance which should be abated. McBride v. Ross, 13 App.D.C. 576; Guerin v. Macfarland, 27 App.D.C. 478.

At the close of the evidence, the respondent, in lieu of prayers for instructions to the jury which would have been submitted had there been a jury, requested the court in writing to make certain findings of fact and conclusions of law. The court refused to consider these requests or to permit them to be filed, to which refusal and ruling the respondent excepted, and this action of the court is now assigned as error (R. 40).

In our opinion this contention is without merit. Our attention has not been called to any statutory or other authority which permits a litigant in a law case tried by a court without a jury to submit special findings of fact and conclusions of law, which, when the court refuses to grant them or to consider them afford grounds for valid exceptions. We think the court should make such findings of fact and conclusions of law as it deems necessary to support its judgment, but neither reason nor authority requires more. Weeks v. White (C.C.A.) 77 F.2d 817, 819.

The judgment should be affirmed.